Henderson, Chief-Justice.
 

 — A
 
 breach,
 
 of trust necessarily supposes, that there is a rule -for the government of the trustee. The creator of the trust may prescribo what rules he pleases. In the absence of one prescribed by him, the law enjoins good faith, which includes not only what is commonly understood by honesty and integrity, but care, diligence and attention ; and in matter? of judgment and discretion, that they should be carefully applied. To purchase more lauds, than the funds appropriated for that purpose would pay for, was a clear departure from the rule, which the testator in tins case hail prescribed to the executors, the trustees. Good faith and purity of motive afford them therefore no protection from
 
 *332
 
 the consequences of that act. But in the sale of the Granville lands, the testator prescribed to them no rule. The exercise of their best judgment and discretion, with vigilance and attention in obtaining the best price they could get for the lands, is the rule which the law has enjoined, and without a departure from it, they have been guilty of no breach of trust.. We cannot consider the omission to take, the offer of §1,000 a departure from that rule$ and more especially, as the sale met the decided disapprobation of the principal
 
 cestui que trust,
 
 and the only one who was of age, and in whom also the testator.reposed confidence, in an important part of the execution of the trust, by directing her wishes to be con-suited as to the locality of the lands to be purchased. — ■ But even without such excuse, we cannot consider a mere error in judgment, in omitting to close with that which after-circumstances showed to be an advantageous offer, and which at the time was matter of doubt, to be a breach of trust. If such was the rule, it would drive trustees into disadvantageous contracts, or rather it would prevent all prudent and discreet men fr’om assuming the character of trustees. In cases of this kind, where judgment and discretion are confided in, and no rule given, good faith, defined as it is above, should afford protection. In the present case, the gradual declension of property in price, particularly lands, is matter of history unexampled in this, or perhaps any other country. The most prudent who wished to sell have held on, from day to day, from month to month, and even from year to year, in hopes of better times. But they have as yet hoped in vain. Many of the most prudent have been protracted, and have property now in market, which when it was first brought there, would have commanded double its present price. To visit upon these trustees, who have acted with good faith, the consequences arising from acts so common throughout the country, with prudent men managing their own con-
 
 *333
 
 ceras, would be applying to them rules which they uever thought of subjecting themselves to. and which neither '•’=* ,j
 
 *1
 
 the testator nor the law imposed.
 

 The Master will ascertain the amount of the funds set apart in;* the purchase of the lands, valuing the Gran» vilie lauds at the price obtained for them — he will take with 5ium the surveyor of the County of Granville, and five freeholders, and lay off, for the purposes of the trust, as much of the land purchased by the executors as the said sum will pay for, rating the whole laud at S3,000, the sum which was given for it by the executors, having a due regard to the locality of the lands and the convenience both of the
 
 ceüni que trusts
 
 and the executors.—
 

 He will also take an account of the rents and profits of the surplus land, whilst it was in the hands of the
 
 cestui que
 
 trusts, so far and so far only, as it benefited them above what the fund would have purchased. I would also sequester to the use of Defendants, the interest of she widow, if I could do so without vitally interfering with that of the children j but I cannot see how that can be done. Each party to pay his own costs.
 

 Per Curiam.
 

 — Let a decree be made accordingly.