State on the relation of S. H. LOFTIN, Guardian of Ellis and Hannah Goldstein v. G. W. COBB, Former Guardian, *et al.*, Sureties.

(Decided February 27, 1900.)

*Guardian* `Bonds—Accounts—Liabilities—Sureties—Evidence—Remedies of Ward.*

1. Annual account of guardian competent evidence against him, and presumptive evidence against his sureties. Code, sec. 1345.
2. Guardian and his bond liable for all moneys due his wards which he has collected or ought to have collected.
3. Where the administrator of a former guardian himself becomes guardian, he and his guardian bond become liable for any balance due from the solvent estate of former guardian.
4. Where wards have remedy against different persons in different capacities, they may elect whom to hold liable, leaving it to the parties, after payment, to adjust their own equities. *Harris v. Harrington*, 78 N. C., 202.

CIVIL ACTION against J. W. Cobb, and his official bond, as former guardian of plaintiff's wards, tried before *Starbuck, J.*, at Fall Term, 1899, of PASQUOTANK Superior Court.

J. W. Cobb had been appointed guardian in July, 1897, and was removed in February, 1899. He had had several predecessors, who died indebted to the wards, but leaving solvent estates; upon one of the estates, that of S. Weisel, Cobb had administered, and was also surviving partner of the firm of S. Weisel & Co., and, as such, had assigned all the partnership effects to himself as administrator.

The plaintiff introduced as evidence the annual account of Cobb, guardian, of record, August 4, 1898, showing a balance in his hands due each ward of $1,282.23. This evidence was objected to by the sureties on the guardian bond, but was admitted by the Court. Defendants excepted. In

addition to this sum, the plaintiff claimed that there was due each of his wards the sum of $202, which, it was admitted Cobb's immediate predecessor, C. Guirkin, ought to have collected from Cobb, as administrator of S. Weisel.

The issues being found in favor of plaintiff, the Court rendered judgment upon the guardian bond, in favor of plaintiff, against G. W. Cobb and his sureties, for the penalty of the bond to be discharged upon payment of the amount assessed by the jury.    Defendants excepted and appealed.

*Mr. G. W. Ward,* for appellants.
*Messrs. W. D. Pollock,* and *E. F. Aydlett,* for appellee.

FAIRCLOTH, C. J.    This is an action by the present guardian against the bond of the defendant Cobb, a former guardian of the same wards.    It was admitted that S. Weisel qualified as guardian for the infant plaintiffs on April 9, 1883, and died on June 6, 1886; that C. Guirkin qualified as guardian for the said wards on June 23, 1886, and died March 27, 1895; that G. W. Cobb qualified as guardian for the said wards on July 31, 1897, and was removed by order of the court on the .... day of February, 1899, and thereafter, to-wit, on May 2, 1899, the plaintiff, Loftin, qualified as guardian of the said minors.

It was also proved that S. Weisel died in 1886, and that defendant Cobb qualified as his administrator, and, as surviving partner of S. Weisel & Son, assigned all the partnership property to G. W. Cobb (defendant), administrator of S. Weisel.    It also appears in the case that the estate of Weisel was solvent, and that C. Guirkin's estate was solvent when the defendant qualified as guardian.

The plaintiff then showed by the records in the Clerk's

office the amount due by Weisel, guardian—of Guirkin, guardian, as received from Cobb, administrator. The plaintiff showed further from the Clerk's records that Cobb's annual account as guardian, in August, 1898, left a balance in his hands due each ward of $1,282.23. To this evidence the defendant Morris objected, as incompetent against him. It was surely competent against Cobb, the guardian, and was equally competent as presumptive evidence against his sureties on his guardian bond. Code, sec. 1345, and numerous decisions thereunder (Act 1844).

It was further shown that Cobb was also due each ward, net $202, by Cobb's declaration before he was guardian, but when he was administrator. The defendant Morris objected to this declaration against him. Without passing on that question, we find in the statement of the case to this Court by counsel after a statement as to the $202, the following: "It was admitted that C. Guirkin ought to have collected *that money* from G. W. Cobb, administrator of S. Weisel. It was further admitted that C. Guirkin had in his hands $1,335.21 due each of the plaintiffs at his death, which ought to have been collected by G. W. Cobb, as guardian of the plaintiffs." This makes Cobb's declaration before he became guardian immaterial.

His Honor instructed the jury that, if they believed the evidence, the defendants were due each ward the sums of $1,282.25 and $202, with interest. Verdict and judgment accordingly.

It is too well settled to need citation of authority that a guardian and his bondsmen are liable for all moneys collected and for all that ought to have been collected, and that the trust imposed must be faithfully performed. That duty required Cobb, the guardian, upon his qualification, to col-

LOFTIN *v.* COBB.

lect from Cobb, the administrator, any balance in the latter's hands due his ward, if the law *ipso facto* did not make the transfer.    In either event the defendants are liable.

When the wards have remedy against different persons in different capacities and against several bonds and bondsmen, they are at liberty to elect whom they will pursue, and the question of contribution and adjusting equities does not arise until the debt is paid by some one of them, with which matters the plaintiffs have no concern.    These questions, and many others of like nature, are so thoroughly considered and well expressed in the following case  that we refer and call attention to it—*Harris v. Harrison*, 78 N. C., 202.

Affirmed.