ISABELLA FISHER, ADMINISTRATRIX, ET AL. v. OLIVIA MANDA FISHER ET AL.

(Filed 8 December, 1915.)

**1. Trusts and Trustees—Wills—Investments—Securities Directed—Courts.**

Construing a devise to the wife of the testator's estate until she should die or remarry, with remainder to his children upon the happening of either event, and directing, among other things, that the property not applied or necessary to be spent for his children should be invested in Government securities, paying each child his part upon arrival at 21 years of age, it is *held*, the clause of the will as to investments seems to refer to any surplus which might accumulate in case the widow should die or remarry, over the current needs of the family; and where the estate has become involved and, in a proper suit, a trustee has been appointed to manage it, the court may sanction a departure from the investment directed when such becomes proper for the preservation of the estate.

**2. Trusts and Trustees—Commissions Allowed.**

It appearing in this case that the trustee in the management of an estate exceeding $100,000 was required to give the principal part of his time to his duties, furnishing office force, stationery, etc., at his own expense; that the estate increased under his management, and its income was greatly enhanced; that he had built six business stores, etc., it is held that an allowance of five per cent to him on the amount of the estate and the accruing income, made by the court and approved by the life tenant and one of the remaindermen authorized under the will to have a voice in the management, is not unreasonable, and will not be disturbed on appeal.

**3. Trusts and Trustees—Courts—Investments Allowed—Excess—Rule of Prudent Man.**

The trustee of a large estate was authorized by the court to spend $50,000 in a modern building in a city, and therein expended in excess thereof a sum exceeding $9,000. In this suit it is charged that the building was an unwise investment and unauthorized as to the excess over the sum allowed by the court, for which the trustee should personally be charged. It is not charged that the estate did not receive the benefit of this extra expenditure or that it was an undesirable outlay. It appeared also that it had been reported to the court from time to time as the building progressed, and approved: *Held*, the trustee is not always held to an assured judgment in the management of a trust fund or making an investment, but to the exercise of the sound discretion of the prudent man, and the exception was properly overruled.

**4. Trusts and Trustees—Investments—Personal Interests.**

The trustee of a large estate invested $8,000 of the trust fund in a bank of which he was president, and it is charged that the return upon this investment was inadequate. This investment was made under

authority of court and approved by the administratrix with the will annexed and the owner of the life estate, to which the principal, with some interest, has been returned: *Held*, while a trustee must account either for profits or legal rate of interest for trust funds invested in his own individual enterprise, this principle will not apply to the circumstances of this case.

**5. Same—Insurance Premiums.**

The trustee was allowed commissions on insurance premiums taken out by him for the benefit of the estate, to which exception was taken that he was interested in the agencies issuing them. There was nothing to show that the insurance carried was not in the exercise of good business judgment, or that the premium rate was not that ordinarily charged for the class of risk assumed: *Held*, the exception was properly overruled.

**6. Parties—Minors—Representation—Trusts and Trustees—Courts—Investments.**

Where investments made by a trustee under orders of court are objected to because of minor interests alleged not to have been properly represented by guardian before the court, the investments objected to will not be set aside as a matter of right unless it is made to appear that they had been improper in themselves or worked injury to the estate, or that the orders of the court were improvidently made.

APPEAL by plaintiff, administratrix, and defendants from *Lyon, J.,* at March Term, 1915, of GUILFORD.

Civil action, heard on petition filed in the cause alleging unauthorized and improper expenditures by C. A. Bray, trustee, and report of referee concerning same.

On perusal of the record, it appears that B. J. Fisher died in 1913, leaving him surviving a widow, Isabella, who qualified as administratrix, with the will annexed, and several minor children, defendants, and a last will and testament in which the bulk of his property, in America, was devised and bequeathed to his wife for life, remainder to his children on the death or marriage of his widow, and directing, among other things, that the property not applied or necessary to be spent, etc., for his children, should be invested in Government securities, etc.

An investigation having disclosed that the estate of B. J. Fisher was greatly embarrassed and encumbered with debt, liens, etc., it was considered necessary that, in order to preserve said estate and save something for the devisees under the will, the same should be placed in the control of competent business management, and in 1904 the present suit was instituted by Isabella Fisher, administratrix, against the infant children, a guardian *ad litem* duly appointed, and decree therein was made, appointing Mr. A. L. Brooks, of Greensboro, commissioner and receiver of the estate, who immediately qualified and entered on the duties of his office. Having faithfully served in this capacity for two years and more and accomplished the purpose for which he was primarily appointed, to wit, relieving the estate from debt and conserving a sub-

stantial property for the widow and children of the testator, Mr. Brooks made a full report of his acts, etc., as receiver, to June Term, 1906, and, at his own request and with the sanction and approval of the court, was allowed to resign from his office, and Mr. C. A. Bray, the present trustee, was, by decree of court, and at the instance of the administratrix, appointed trustee for the further management of the estate, then amounting to something over $100,000, about one-half of which was real estate, principally situated in the city of Greensboro.

The said trustee entered on his official duties and continued to act as trustee in the cause and in the control and management of the property, making reports from time to time until 1914, when the present petition was filed asking for an account and alleging various improper and unauthorized expenditures in the management of the property. At March Term, 1914, the questions presented were referred by order of court to Mr. T. C. Hoyle, who heard evidence and made a full and careful report of the acts of the trustee to September Term, 1914, approving his management and recommending that the balance due him for fees, etc., be paid as charged.

Exceptions having been filed by defendants, the matter was heard, as stated, at Spring Term, 1915, before *C. C. Lyon, J.,* and the court, overruling all of the exceptions, entered judgment that the report be confirmed, and defendants, having duly excepted, appealed, and the administratrix also joins in said appeal.

*A. Wayland Cooke, Peacock & Dalton and C. M. Stedman for trustee.*
*W. P. Bynum for Mrs. Isabella Fisher.*
*G. S. Bradshaw, R. C. Strudwick for defendant.*

HOKE, J., after stating the case: We have given the record very careful examination and find no reason for disturbing his Honor's judgment. Most of the expenditures objected to were made by order of court, first had, or were approved by the court after they were made, and many of them approved also by the administratrix and life tenant, entitled under the will to the income of the property, and some of the more important also by Olivia Maude Fisher, a defendant, one of the children of the testator, after she became of age, and when, by the terms of the will, "she was to have a voice in the management of her father's estate." It was suggested, by way of objection, that the investments have been made in utter disregard of the terms of the will directing "that all moneys not applied or necessary to be spent for my children shall be invested in United States securities, and when all arrive at 21 the fund accumulated to be divided, etc."

The will provides that the widow shall have the annual income till she dies or marries again and directs that, in case she does die or marry

again while the children are under 21, the executor shall manage and invest the estate, using the same in support of those under 21 and paying their share to such as have arrived at that age. The clause in the will as to investments seems to refer to any surplus which might accumulate in case the widow should die or remarry. She has, as yet, done neither, and, in any event, there is, thus far, no case of surplus presented over and above the current needs of the family. Apart from this, the courts may at times sanction a departure from a direction of this character when such a course becomes necessary for the proper preservation of the estate. *Trust Co. v. Nicholson,* 162 N. C., 257; *Church v. Ange,* 161 N. C., 314; *Jones v. Haversham,* 107 U. S., 183; *Weld v. Weld,* 23 Rhode Island, 311; *Johns v. Johns,* 172 Ill., 472.

It was objected further that the charge of five per cent allowed the present trustee is unreasonable and unjustified, but we do not concur in this view. On this there is evidence tending to show, and the referee finds, that he has been in the charge and control of an estate exceeding $100,000 in amount, since 1906; that, since his appointment, he has given the principal part of his time to its management, and under his supervision it has increased in value and the income has been greatly enhanced; that he has, during that time, built five business stores in front of the City Hall in Greensboro; another large building known as the Fisher building on the corner of Elm and Market streets; that he has made loans, collected rents; that he has furnished his own bookkeeper, stenographer, office and stationery without extra charge to the estate, and, further, that at or prior to the time he entered on his duties there was an agreement between him and the administratrix and life tenant that his fees as trustee should be 5 per cent on the amount of the estate and the accruing income, this being the amount allowed, and that this agreement was approved by order of the court, and also by Olivia Maude Fisher, after she became of age, and when, as stated by the terms of the will, she was to have a voice in the management. Under such circumstances, the allowance made is fully justified, and, in our opinion, should not be disturbed even if it were now open to appellants to make their objections.

It was insisted, also, for defendants that the trustee, having been directed to invest $50,000 in a modern business building, actually expended thereon $59,997.79, and that he should be charged with the amount in excess of the preliminary order, and, further, that the building in question was an unwise investment; that it is the wrong kind of building for the character of the lot, and has, thus far, yielded inadequate returns. It is not contended or alleged that the amount as claimed by the trustee was not actually expended on this building, or that the estate has not received the benefit of it, or even that the additional expense was an undesirable outlay. It further appeared that the expenditures had been

reported from time to time to the court as the building progressed, and the same were approved.

While the utmost degree of good faith is exacted of a trustee, he is not always held to an assured judgment in the management of a trust fund or in making an investment; the exercise of the sound discretion that a prudent man would show in the management of his own affairs is usually the approved standard in such cases. *Patton v. Farmer,* 87 N. C., 337; *S. ex rel. Cummings v. Mebane,* 63 N. C., 315; 39 Cyc., pp. 291-292. On the facts as presented in the record the exception has been properly overruled.

Again, exception is made that $8,000 of the trust fund was invested in an incorporated bank of which the trustee was president, and that this principal has been returned with inadequate interest. The rule undoubtedly is that a trustee is not allowed, of his own will, to invest a trust fund in his own individual enterprise, and if he does so he must account either for profits realized or the legal rate of interest, at the election of the claimant. But it appears that this investment was made under a direct order of court, and further, that it was made with the knowledge and approval of Isabella Fisher, administratrix and owner of the annual income under the will, and that the principal, with some interest, has been returned to the estate. We think this exception, too, was properly overruled.

It was further contended that the trustee had, at different times, insured the properties through agencies in which he had a pecuniary interest; but there is nothing to show that the insurance carried was other than good business management required or that the rates were other than the ordinary rates for risks of like kind, and we see no reason for disallowing fees paid on the policies.

It is argued for appellants that the orders made in the cause do not conclude defendant appellants, inasmuch as they, or some of them, are minors, and they were made when there was no guardian *ad litem* representing them of record. It is not at all clear, on perusal of the record, that the infant defendants were ever without guardian *ad litem,* formally appointed, of record. So far as we can discover, it only appears inferentially in the order of *Judge Long,* at June Term, 1909, appointing Hon. N. L. Eure as guardian *ad litem,* and in which order it is recited that the former guardian had resigned. Whether that occurred at that or some preceding term does not appear, but, in any event, and in case there had been a resignation, unless it were shown that the investments objected to were improper in themselves or worked in some way injury to the estate, or that the orders of the court in the premises had been improvidently made, they would not be set aside as a matter of course. On the contrary, in the absence of some such suggestion and proof tending to establish it, these orders, even if irregularly made,

should be confirmed by the court *nunc pro tunc*. There is no claim or suggestion that the former receiver, Mr. A. L. Brooks, did not fill the full measure of his duty, and, on careful consideration, we find nothing in the record to indicate that the present trustee has not properly accounted.

The judgment of the court below is, therefore,

Affirmed.