SADIE AND HOWARD PIERCE, BY THEIR NEXT FRIEND, R. C. SCHULKEN, v. ARCHIE T. PIERCE AND ROYAL INDEMNITY COMPANY.

(Filed 12 June, 1929.)

**Guardian and Ward C a—Guardian not liable for loss to estate of ward when he has exercised good faith and due diligence.**

The liability of a guardian and the surety on his bond for a loss to the estate of the ward caused by the failure of a bank in which the guardian kept deposits of the estate, does not attach when it is found that the guardian exercised good faith and due diligence, and the refusal of the trial court to substantially submit this issue to the jury under the evidence in this case is reversible error.

APPEAL by defendant, Royal Indemnity Company, from *Cranmer, J.,* at November Term, 1928, of COLUMBUS. New trial.

Action to recover of a guardian and the surety on his bond the amount due his wards.

The issues submitted to the jury were answered as follows:

1. What amount, if any, are plaintiffs entitled to recover of the defendants? Answer: $206.30, with interest.

2. What amount, if any, is the Royal Indemnity Company entitled to recover of Archie T. Pierce? Answer: $206.30, with interest.

From judgment on the verdict, the defendant, Royal Indemnity Company, appealed to the Supreme Court.

*Greer & Bennett for plaintiffs.*
*Isaac C. Wright for defendant company.*

CONNOR, J. On 5 November, 1923, the defendant, Archie T. Pierce, was appointed by the clerk of the Superior Court of Columbus County, North Carolina, guardian of the plaintiffs, his infant children. As such guardian, he filed a bond, in the form required by statute (C. S., 2162), which the defendant, Royal Indemnity Company, had executed as surety. C. S., 339. The penalty of said bond is $750. The bond was approved by the clerk, and the defendant, Archie T. Pierce, as guardian of plaintiffs thereafter received the sum of $333.33, in cash, which he deposited in the Bank of Columbus, of Whiteville, N. C.

There was an agreement between the guardian and his surety that said deposit should be under their joint control, and that checks on said deposit should be approved and countersigned by an agent of the surety. Checks were drawn on said deposit, from time to time, for amounts properly expended by the guardian for his wards. Accounts filed by the guardian, from time to time, showing that the money due the plaintiffs by their guardian was deposited in said Bank of Columbus, were audited, approved and recorded by the clerk of the Superior Court.

On 31 January, 1927, the Bank of Columbus was adjudged insolvent. It has ceased to do business. Its assets are not sufficient for the payment in full of its liabilities.

On 7 March, 1927, the defendant, Archie T. Pierce, guardian of plaintiffs, filed an account with the clerk of the court, showing that the balance in his hands due his wards, on said date, was $257.31. He reported to the clerk that he was unable to replace the amount which he had lost by the insolvency of the Bank of Columbus, and prayed that he be released from liability to his wards. His prayer was refused by the clerk, who, however, made an order, discharging the said Archie T. Pierce as guardian of the plaintiffs. Thereafter, this action was begun by plaintiffs, appearing by their duly appointed next friend, to recover of defendants the amount due them.

At the trial, defendant, Royal Indemnity Company, tendered an issue as follows:

"4. Did the defendant, Archie T. Pierce, exercise reasonable diligence and good faith in the handling of the guardianship funds?"

The court declined to submit this issue, and said defendant duly excepted. Its assignment of error based on this exception is sustained. The issue arises upon the pleadings; there was evidence tending to support the defense relied upon by the surety. The refusal to submit this issue was error, for which the appellant is entitled to a new trial. In *Sheets v. Tobacco Co.,* 195 N. C., 149, 141 S. E., 355, we said: "Good faith and due diligence on the part of the guardian, however, will protect the guardian and the sureties on his bond, from liability for losses."

· If, upon the new trial, the issue tendered by defendant, Royal· Indemnity Company, be answered in the affirmative, the plaintiffs will not be entitled to recover in this action. There are other assignments of error on this appeal which need not be considered at this time as there must be a

New trial. .