STATE OF NORTH CAROLINA Ex Rel. MYRTLE LEONARD v. J. A. YORK, ADMINISTRATOR, ET AL.

(Filed 11 May, 1932.)

**Guardian and Ward H a—Agreement for joint control of guardianship funds by guardian and surety will not be held void on demurrer.**

Where the surety on a guardian's bond alleges an agreement for the joint control by the guardian and surety of the guardianship funds deposited in a bank, the agreement will not be held void upon a demurrer, it being assumed that the agreement comes within the purview of C. S., 6382(e).

APPEAL by Bank of Ramseur and the Page Trust Company from *McElroy, J.,* at December Term, 1931, of RANDOLPH.

Civil action to recover from the estate of a guardian, and the surety on guardian's bond, moneys alleged to have been received for ward and not properly disbursed.

The National Surety Company, surety on the guardian's bond, set up in its answer an agreement between it and the guardian whereby all funds belonging to the ward were to be deposited in the Bank of Ramseur subject to the joint control and joint check of the guardian and the surety's local representative; further that the said Bank of Ramseur knew of and assented to this arrangement; and that in violation of the trust, thus accepted by it, the bank permitted the guardian to withdraw his ward's moneys and use them as his own without the knowledge or consent or counter signature of the surety or its local representative. Wherefore the National Surety Company asked that the Bank of Ramseur and its successor, the Page Trust Company, be brought into this action as parties defendant, to the end that the said company might have judgment over for an amount equal to any recovery had by the ward against the surety. Summons was issued accordingly, following the service of which, a cross-action was set up based upon an alleged breach of the joint-control agreement above mentioned. To this, the Bank of Ramseur and the Page Trust Company demurred on the grounds of a misjoinder of causes and for that no valid cause of action had been stated against either or both of said defendants. Demurrer overruled, and the said demurrants appeal.

*A. C. Davis* for plaintiff.

*Kenneth M. Brim and Ross Ashby* for defendant, National Surety Company.

*H. M. Robins* for defendants, Bank of Ramseur and Page Trust Company.

STACY, C. J., after stating the case: It is the holding of a number of courts that a joint-control agreement between a guardian and the surety on his bond, like the one here alleged, is contrary to public policy and void, in the absence of legislative sanction or approval. *Re Estate and Guardianship of Wood,* 159 Cal., 466, 114 Pac., 992, 36 L. R. A. (N. S.), 252; *Fidelity & Deposit Co. v. Butler,* 130 Ga., 225, 60 S. E., 851, 16 L. R. A. (N. S.), where the English and American authorities are cited and reviewed. Without statutory authority, therefore, such arrangement, under these decisions, would render the guardian and his surety liable to the ward as guarantors of the property or funds so held. *Cowan v. Roberts,* 134 N. C., 415, 46 S. E., 979.

23—202

The doctrine of the cases is, that as the relation between a guardian and his ward is that of trustee and *cestui que trust*, the guardian may not relinquish control, in whole or in part, to a surety, or turn over to the surety, for its own protection, the very estate for which it is intended to furnish indemnity against loss, without becoming liable therefor as guarantor. *White v. Baugh*, 3 Clark & Fin., 44, 6 Eng. Reprint, 1354; 28 C. J., 1128. See, also, valuable article in 66 United States Law Review, 233.

We are not disposed to question the soundness of these decisions, where no legislative declaration of policy has been made, but it is observed that, in this jurisdiction, C. S., 6382(e), corporate sureties of fiduciaries are permitted, in certain instances at least, to require, for their protection, a deposit of a portion of the trust property, or that "no future sale, mortgage, pledge or other disposition can be made thereof without the consent of such corporation, except by decree or order of court of competent jurisdiction." Thus, it would seem that in cases coming within the purview of this statute, and perforce to the extent thereof, joint-control agreements between fiduciaries and their sureties are sanctioned in this State by act of Assembly. *Pierce v. Pierce*, 197 N. C., 348, 148 S. E., 438. That the present agreement comes within the spirit of the act will be assumed on demurrer, at least the contrary will not be presumed. *S. v. Bank*, 193 N. C., 524, 137 S. E., 593.

We cannot say, therefore, that the demurrer was improvidently overruled.

Affirmed.