STATE OF NORTH CAROLINA ON RELATION OF VELMA BANE, SYBIL NICHOLSON, Z. A. NICHOLSON, JR., CLIFTON NICHOLSON, AWA NICHOLSON, GEORGE NICHOLSON, PHILLIS NICHOLSON, AND PRESTON NICHOLSON, ALL MINORS, AND REPRESENTED IN THIS ACTION BY THEIR NEXT FRIEND, W. P. BANE, v. BELVA NICHOLSON, AND MARYLAND CASUALTY COMPANY.

(Filed 29 June, 1932.)

**Guardian and Ward H b—Guardianship bond is liable for loss caused by deposit as permanent investment in savings account without security.**

Where a guardian deposits the entire estate of his ward in the savings department of a bank at 6 per cent interest, and such deposit is not made pending investment of the funds or for current use, but is made as a permanent investment without requiring the bank to give security therefor: *Held,* the deposit in legal contemplation is a loan to the bank without security and the guardian and his bond are liable for the loss occasioned by the insolvency of the bank a number of months after the deposit was made although the guardian acted in good faith in making such investment. C. S., 2308.

APPEAL by defendants from *Clement, J.,* at January Term, 1932, of HENDERSON. No error.

This was an action brought by plaintiffs against defendants to recover for breach of guardian bond. The bond was made by Belva Nicholson and the Maryland Casualty Company, her surety. The penalty of the bond was $16,802.

The plaintiffs contend that defendant Belva Nicholson, guardian, instead of lending this money on real estate or on bonds, or on some proper

loan, and taking security for it, the guardian loaned the money to the Citizens National Bank of Hendersonville, N. C., agreed to leave it in this bank for no definite time, but made a loan to the bank, made arrangements with the bank to take the guardianship funds and pay them 6% interest; that the guardian took no security for it and, therefore, was making a loan of the wards' money to some one, to wit, the bank, and that no security was taken for it, and that was a violation of the law. On the contrary, the defendants contend that the guardian acted in good faith; that, it was not a loan; that it was a deposit, and the mere fact that the bank agreed to pay 6% did not make it a loan, but that it was a deposit, and contend the guardian acted in good faith and if a loss did occur, the guardian would not be liable.

The court below charged the jury that "It is the opinion of the court and it so charges you, that this in substance was a loan to the bank, and the fact that the guardian did not take any security would be a breach of the guardian's duty, and that the guardian and bondsman would be liable."

The issues submitted to the jury were:

(1) Did the defendant, Belva Nicholson, breach the guardian bond sued on in this action, as alleged in the complaint? The court charged the jury: "If you believe the evidence, and are satisfied by the greater weight of the evidence of this fact, you will answer this issue, Yes. The court instructs you upon all the evidence in this case, if believed by you, and found by you to be true, that you will answer the first issue, Yes.

(2) What damage, if any, are the relators entitled to recover of the defendants? The court instructs you upon all the evidence in this case, if believed by you, and found by you to be true, you will answer the second issue $6,775.38, with interest thereon at 6% from 20 November, 1930."

The jury answered the issues according to the court's instructions. The court rendered judgment on the verdict. Defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Shipman & Arledge and Carter & Carter for plaintiffs.*
*Merrimon, Adams & Adams for defendants.*

CLARKSON, J. The question involved: Is it a breach of a guardian's bond for the guardian to place the entire trust fund, in the amount of $8,401.01, on permanent (savings account) deposit in a commercial bank, without security, under an agreement that the bank would pay six per cent interest thereon, said arrangement being allowed to stand until the failure of the bank, more than nine months after the deposit; the guardian so acting voluntarily, in the utmost good faith, and with

the express approval of her bondsman, but with the result of the loss of the greater part of the fund in consequence of the insolvency of the bank? We think so.

C. S., 2308 is as follows: "Guardians shall have power to lend any portion of the estate of their wards upon bond with sufficient security, to be repaid with interest annually, and all the bonds, notes or other obligations which he shall take as guardian shall bear compound interest, for which he must account, and he may assign the same to the ward on settlement with him." A guardian will be held liable for any loss resulting from a loan made without taking any security, however solvent the debtor may have been when the loan was made. *Collins v. Gooch,* 97 N. C., 186; *Cobb v. Fountain,* 187 N. C., 335; *Roebuck v. Surety Co.,* 200 N. C., 196; *Bank v. Corporation Commission,* 201 N. C., 381.

In 12 R. C. L., at p. 1133, part sec. 30, we find: "The deposit of funds in an incorporated bank of good reputation temporarily, while they are awaiting investment or needed for current use, is proper; but a deposit in bank for a fixed period of time has been held to be a loan without security and to render the guardian responsible for any loss." The case of *Pierce v. Pierce,* 197 N. C., 348, is distinguishable. In the judgment of the court below we find

No error.