N. B. MARRINER, GUARDIAN OF H. W. MIZZELLE, LUNATIC, v. H. W. MIZZELLE, LUNATIC, W. D. PRUDEN, HIS GUARDIAN AD LITEM, ET AL.

(Filed 19 September, 1934.)

1. **Insane Persons C c — Guardian depositing funds without negligence pending investment is not liable for loss through bank's failure.**

   Where a guardian of a lunatic deposits funds of the estate in a bank temporarily pending investment of the funds, and is not guilty of negligence in making the deposit or in allowing the funds to remain on deposit until the bank's failure, the guardian is not liable for loss to the estate caused by the bank's subsequent failure, but if the guardian does not exercise due diligence in making the deposit, or is guilty of negligence or bad faith in allowing the deposit to so remain until the bank's failure, or if the deposit is made for a fixed period of time, the guardian would be liable, since in the latter case the deposit would be regarded as a loan to the bank without security, and liability would attach although the guardian acts in good faith and the bank is solvent at the time of the deposit.

2. **Same—Burden is on guardian to prove that deposit was temporary and that he was not guilty of negligence in respect thereto.**

   In an action by a guardian of a lunatic to have credited on his accounts sums lost to the estate by reason of the failure of the banks wherein the guardian had deposited moneys of the estate, the burden is on the guardian to prove that the deposit was temporary pending investment, and that he was not guilty of negligence in respect thereto.

3. **Trial E g—**

   A charge to the jury will be construed contextually as a whole, and detached portions thereof will not be held for error when the charge considered as a whole contains no reversible error.

4. **Insane Persons D e—Commissions to which guardian is entitled must be first passed upon by clerk.**

   In an action by a guardian of a lunatic to have credited on his account as guardian sums lost to the estate by reason of the failure of the bank in which the guardian had deposited moneys of the estate, the commissions which the guardian may retain must be passed upon by the clerk after decision of the court on the question of whether the guardian is entitled to the alleged credits.

APPEAL by W. D. Pruden, guardian *ad litem* of the next of kin of H. W. Mizzelle, lunatic, from *Devin, J.,* at April Term, 1934, of CHOWAN. No error.

This proceeding was begun by petition filed by the plaintiff with the clerk of the Superior Court of Chowan County, and was transferred by the clerk to the civil issue docket for the trial of issues raised by the pleadings.

On the facts alleged in his petition, the plaintiff prayed for an order allowing him credit on his accounts as guardian for certain sums of

money which he had deposited in certain banks, and which had been lost by reason of the subsequent insolvency thereof, and fixing the amount of his bond with relation to such credit. The plaintiff alleged that said losses were not due to any negligence on his part. The defendants, who had been made parties to this proceeding on motion of the plaintiff, denied this allegation, and alleged that said losses were due to the negligence and lack of good faith of the plaintiff in failing to invest said funds as authorized by law.

The controversy was submitted to the jury upon the following issues, both of which were answered in the affirmative, to wit:

"1. Is the plaintiff entitled to a credit in his guardian account for moneys deposited in the Farmers Bank of Belhaven and lost by reason of the failure of said bank?

"2. Is the plaintiff entitled to a credit in his guardian account for moneys deposited in the Citizens Bank of Edenton and lost by reason of the failure of said bank?"

Whereupon judgment was entered adjudicating that the plaintiff had on deposit temporarily in the Farmers Bank of Belhaven, awaiting suitable investment, the sum of $6,785.05 at the time of its failure, and had on deposit, under like conditions, in the Citizens Bank of Edenton, at the time of the failure, the sum of $1,321.14, and that such moneys were a part of the funds turned over to him upon his qualification as guardian and were held pending proper investment; and adjudging that the plaintiff, N. B. Marriner, guardian of H. W. Mizzelle, lunatic, was not guilty of any breach of duty or condition of his bond in keeping and having said moneys on deposit in said banks; and remanding the cause to the clerk to the end that the accounts of the guardian might be revised in accord with the verdict, by eliminating the amounts that were on deposit in the two closed banks, less such dividends as were or may be paid thereon.

To the judgment of the court the defendants in apt time objected and excepted, and appealed to this Court.

*W. D. Pruden and J. A. Pritchard for appellants.*
*Ward & Grimes for appellee.*

SCHENCK, J. In the case of *Bane v. Nicholson et al.,* 203 N. C., 104, this Court quoted with approval 12 R. C. L., p. 1133, part of section 30, as follows: "The deposit of funds in an incorporated bank of good reputation temporarily, while they are awaiting investment or needed for current use, is proper; but a deposit in bank for a fixed period of time has been held to be a loan without security, and to render the guardian responsible for any loss."

There are two questions involved on this appeal. First, were the funds in the banks mentioned in the issues deposited temporarily while awaiting investment or needed for current use, or were such deposits in said banks for a "fixed period of time," and therefore a loan to the banks without security; and, second, if such funds were deposited temporarily awaiting investment or to meet current needs, was the loss thereof proximately caused by the negligence of the guardian in failing otherwise to invest such funds as authorized by law?

These questions, in our opinion, both arose upon the pleadings, and were properly submitted to the jury under the issues in a clear and impartial charge. The court charged the jury substantially that, in the absence of negligence, deposit of funds by a guardian in an incorporated bank temporarily, while awaiting investment or while needed for current use of his ward, was proper, and if funds were lost under such circumstances there would be no liability on the part of the plaintiff; but that deposit of funds in a bank for a fixed period of time was a loan without security, and a guardian would be liable for any loss thereof, notwithstanding he acted in good faith and the bank was solvent when he made the deposit.

The court further charged the jury, in effect, that if the plaintiff guardian placed the funds on deposit in the banks awaiting an opportunity of investment, and exercised due care in so doing, there would be no liability on his part for the loss thereof; but, on the other hand, even if the guardian did so place the funds on deposit, and failed to exercise due care with respect to the preservation of his ward's estate in allowing to remain in the bank a large portion of such estate without taking security therefor, or was otherwise negligent in so depositing said funds, the plaintiff would be liable for any loss resulting from the failure of the banks, and would not be entitled to have credit therefor on his accounts. The court properly placed the burden of proof of the issues upon the plaintiff. We think this charge was a correct statement of the law applicable to the theory upon which this case was tried.

The liability of a guardian for a loss to the estate of the ward caused by the failure of a bank in which the guardian kept deposits of the estate, does not attach when it is found that the guardian exercised good faith and due diligence. *Pierce v. Pierce,* 197 N. C., 348. The allegation that the plaintiff in this case failed to exercise good faith in his handling of the estate of his ward seems to have been abandoned by the defendants and the allegation of negligence alone relied on.

We have examined the exceptions taken to portions of the charge but are of the opinion that when considered with the whole charge they contain no reversible error. "We are not permitted to select detached portions of the charge, even if in themselves subject to criticism, and

assign errors as to them, when, if considered with the other portions of the charge, they are readily explained and the charge in its entirety appears to be correct." *Kornegay v. R. R.*, 154 N. C., 390. The charge must be considered contextually as a whole and not disconnectedly and disjointedly. *Kennedy v. Telegraph Co.*, 201 N. C., 756.

We agree with his Honor's holding that the question of commissions to be retained by the plaintiff as guardian was one to be passed upon by the clerk after the decision of this Court is rendered with respect to the alleged and desired credits on the guardian accounts.

No error.