MRS. JOHN S. E. YOUNG ET AL. v. GURNEY P. HOOD, COMMISSIONER, ET AL.

(Filed 8 April, 1936.)

1. **Banks and Banking H a—Estate held not entitled to vacate stock assessment for failure of successive trustees to sell the stock.**

   Testator created a trust estate, part of which consisted of bank stock, which testator provided should not be sold without the consent of the majority of certain of the income beneficiaries of the estate and the consent of the president of the bank during his lifetime, and suggested the stock should not be sold unless the further holding of the stock would be detrimental to the best interests of the trust estate in the opinion of the trustee, testator being interested in the estate's retaining the stock because of long business association and for the interest of his son, who was an officer of the bank. The number of shares of bank stock held by the

26—209

estate was increased by a stock dividend and by the trustee's exercise of stock subscription rights. After the death of the president of the bank the bank was merged with other banks and the trustee exchanged the bank stock for stock in the new bank. Thereafter, the new bank took over the management of the trust estate upon its merger with the trustee bank. The new bank became insolvent and a stock assessment was levied against the estate. It did not appear that the successive trustees were of the opinion that the further holding of the bank stock would be detrimental to the estate, or that the requisite consent to the sale of the stock could have been obtained at any time. *Held:* The estate was not entitled to vacate the stock assessment on the ground that the original trustee acted in bad faith in exercising the stock subscription right and in exchanging the stock for stock of the new bank, or on the ground that the new bank, upon becoming trustee, should have sold the stock.

2. **Trusts E d—Restrictions placed upon sale of assets by trustor should be considered in passing upon trustee's management of estate.**

In an action to recover for alleged mismanagement of the trust estate by the trustee in failing to sell certain assets for reinvestment, the trustor's expressed desire that such assets should not be sold, and his imposition of restrictions upon their sale without the consent of certain interested persons, and whether the requisite consent could have been obtained, and the good faith of the trustee in retaining the assets, are all germane and properly to be considered, and the exclusion of evidence relating thereto is erroneous.

3. **Banks and Banking H e—**

An estate may not claim a preference against the assets of an insolvent bank for alleged mismanagement of the estate by the bank while acting as trustee, resulting in loss to the estate.

4. **Appeal and Error J c—**

An exception to a finding of fact by the court must be sustained when the record does not support such finding.

APPEAL by defendants from *Cowper, Special Judge,* at April Term, 1935, of WAKE.

Civil actions to restrain execution of stock assessment levy, to recover of trustee for faithless management of trust estate, and to establish preference or priority of claim to funds in hands of liquidating agent of insolvent bank.

The cases were consolidated for trial and heard, without the intervention of a jury, upon uncontroverted facts or those found by the court.

In the first case, for brevity, called the "Young Case," the plaintiffs, who are grandchildren of A. B. Andrews, Sr., deceased, seek to restrain execution of judgment for stock assessment against the trust estate of their grandfather in the sum of $160,000, to require an accounting, and to secure the appointment of a competent trustee to manage said estate.

In the second action, for short called the "Cheshire Case," the newly appointed trustee seeks to repudiate the holding and purchase of stock

in the North Carolina Bank and Trust Company by the former trustee, to recover for the faithlessness of the said trustee or trustees, and to establish a preference or prior claim upon the assets in the hands of the liquidating agent of the North Carolina Bank and Trust Company.

On 17 April, 1915, A. B. Andrews, Sr., died a resident of Wake County, leaving a last will and testament by the terms of which he created a trust estate for the benefit of his children and grandchildren, and appointed the Raleigh Savings Bank and Trust Company trustee of his estate.

Item Three of the will empowers the trustee to change investments in the trust estate by sale and purchase, provided it first obtain the consent, in writing, of a majority of testator's children living and having issue, but that in case of the sale of the 800 shares of stock in the Citizens National Bank, held by the testator at the time of his death, the consent of Joseph G. Brown, president of the bank, shall also be secured in addition to the consent of a majority of the children living and having issue.

This item concludes as follows:

"Having been one of the organizers of said Citizens National Bank of Raleigh, N. C., and having been a director in that institution ever since its organization, over forty years ago, and being anxious to hold my stock in said bank for the benefit of my family, and especially of my grandchildren, *I suggest that said trustee do not sell any of said bank stock* unless the further holding of said stock would, in the opinion of said trustee, be detrimental to the best interests of said trust estate, and it would be gratifying to me for Mr. Joseph G. Brown to remain president of said bank as long as he lives and for the trustee holding said stock in trust to vote for him as such president; and in case of his death it would be pleasing to me for the said bank to make my son, Graham H. Andrews (who is now in said bank and expects to make it his life work), president or some other prominent officer of said bank; but these statements as to the holding and sale of said stock and as to officers of said bank are mere expressions of my personal preferences and are not to be taken as obligatory or as binding or enforceable in a court of law."

Item Twelve of the will provides that in the event of the death of any person whose consent is required to effect any change or sale of investments, the will shall be construed as though such consent were not required. Joseph G. Brown died in January, 1927.

The income from the trust estate was to be paid to the trustor's children so long as they should live, and the corpus of the estate was then payable to their children (grandchildren of trustor) *per stirpes*.

The holding of stock in the Citizens National Bank, which amounted to 800 shares at the time of trustor's death, was increased to 2,000 shares

in 1927, (1) by reason of a stock dividend of 400 shares, and (2) by the exercise of stock subscription rights, amounting to 800 shares.

In 1929 the Citizens National Bank of Raleigh combined with other banks of the State to form the North Carolina Bank and Trust Company, and the trustee exchanged the 2,000 shares of Citizens National Bank Stock, which it then held, for 16,000 shares (par value $10.00) of the stock of the North Carolina Bank and Trust Company.

This bank stock was held by the Raleigh Savings Bank and Trust Company, as trustee, until 1932, when it was merged with the North Carolina Bank and Trust Company, and thereafter the North Carolina Bank and Trust Company took over the management of the trust estate under authority of chapter 207, Public Laws 1931, and continued to act as such trustee, paying the income to the income beneficiaries, until its insolvency in March, 1933.

A stock assessment was levied against the bank stock, held for the benefit of the trust estate, which the plaintiffs in the "Young Case" seek to restrain and vacate.

The court found that the former trustee, or trustees, "did not exercise a sound discretion and act in good faith and to the best interest of the trust estate in the attempted purchase of the 800 shares of stock of the Citizens National Bank with trust assets in August, 1927, nor in the exchange of the stock of the Citizens National Bank for the stock of the North Carolina Bank and Trust Company in October, 1929, nor in the retention of the stock of the Citizens National Bank after August, 1927, nor in the retention of the stock of the North Carolina Bank and Trust Company after October, 1929." Exception No. 119.

Judgment was entered, and preferential claim decreed, against the assets in the hands of the defendants in the sum of $284,616.37, less dividends previously paid on said bank stock, agreeably to the prayer in the "Cheshire Case"; and the stock assessment levy was declared null and void as asked in the "Young Case."

The defendants appeal, assigning errors.

*Paul F. Smith, James S. Manning, and Murray Allen for plaintiffs.*
*Kenneth C. Royall and Brooks, McLendon & Holderness for defendants.*

STACY, C. J. A reversal of the present judgment was adumbrated or foreshadowed by the decisions in *Hood, Comr., v. Trust Co. and Brand, ante,* 367, and *Parker v. Hood, Comr., ante,* 494.

The *Brand case, supra,* is a direct authority against the position taken in the "Young Case," and the decision in *Parker v. Hood, Comr., supra,* is contrary to the preferential part of the judgment rendered in the "Cheshire Case."

It should be observed that here the trustor himself placed several restrictions upon the trustee. Investments were not to be changed without the written consent of certain of the income beneficiaries, and in case of a sale of the bank stock, the consent of the president of the bank, if living, was also to be obtained. These restrictions ought to be considered in passing upon the management of the estate. *Hester v. Hester,* 16 N. C., 328; *Crayton v. Fowler,* 140 S. C., 517, 130 S. E., 161; Bogart on Trusts, sec. 681, *et seq.;* 26 R. C. L., 1307, *et seq.* A trustor is privileged to impose terms and conditions upon the administration of his estate, as well as to select the agencies for the distribution of his bounty. *Crabb v. Young,* 92 N. Y., 56.

In the instant case, the trustee is held to have breached his trust in exchanging the Citizens National Bank stock for stock in the North Carolina Bank and Trust Company "without first procuring the consent of the children of A. B. Andrews as required by the will," which seems to be at variance with the written proxy authorization appearing of record; and again the trustee is charged with a breach of trust for holding the bank stock when there is no evidence that the requisite consent to sell could have been secured at any time, or that the trustee deemed "the further holding of said stock detrimental to the best interest of said trust estate." *Stroud v. Stroud,* 206 N. C., 668, 175 S. E., 131. Indeed, the proffered testimony of the defendants that the trustee was of a contrary opinion and that the requisite consent to sell would not have been forthcoming, had it been requested, was excluded. Likewise, the defendants' evidence tending to establish the *bona fides* of the trustee's management of the estate was excluded. This was error. *Fisher v. Fisher,* 170 N. C., 378, 87 S. E., 113; *Carter v. Young,* 193 N. C., 678, 137 S. E., 875; *Sheets v. Tob. Co.,* 195 N. C., 149, 141 S. E., 355; 26 R. C. L., 1310.

It appears somewhat inconsistent to hold the investment in the bank stock valid as to the income beneficiaries and invalid as to their children in the "Young Case," and then void as to both in the "Cheshire Case," yet this is the effect of the judgment entered below. It would seem, therefore, that, in result, the income beneficiaries win both ways and on opposite theories. *Lannin v. Buckley,* 256 Mass., 78, 152 N. E., 71; *International Trust Co. v. Preston,* 24 Wyo., 163, 156 Pac., 1128; Bogart, *supra,* sec. 689. They "keep their cake and eat it too." *Whitmire v. Ins. Co.,* 205 N. C., 101, 170 S. E., 118. The record discloses they were close advisers and consultants of the trustee. At least one of them was director or officer of the trustee bank as well as of the Citizens National Bank.

The case turns on the alleged *mala fides* of the former trustee, or trustees, in the management of the estate. It is conceded the defend-

ants' 119th exception, above set out, goes to the heart of the case. This exception must be sustained, as it is not supported by the record. *Sheets v. Tob. Co., supra; Carter v. Young, supra.* The trustor had a peculiar interest in retaining the bank investment, not only because of his long association with the business, but also on account of the hope he cherished for the promotion of one of his sons in the same enterprise. The situation partakes of the unusual, which equity regards. *McNinch v. Trust Co.,* 183 N. C., 33, 110 S. E., 663.

It would serve no useful purpose to consider the remaining exceptions *seriatim,* as the trial court apparently was misled by the application of inapposite principles. The judgment will be stricken out and the causes remanded for judgment accordant herewith.

Error.