In re ESTATE OF FANNIE A. SMITH, Deceased.

(Filed 27 January, 1931.)

1. **Courts A a—Superior courts are given jurisdiction of suits formerly within jurisdiction of courts of equity.**

   Our Constitution provided one form of action for the enforcement or protection of private rights or the redress of private wrongs (Art. IV, sec. 1), and such suits theretofore pending were transferred to the courts acquiring jurisdiction without prejudice (Art. IV, sec. 20), and hence the Superior Courts have equitable jurisdiction of all equitable powers when not restrained by statute.

2. **Clerks of Court B a—Clerks of court have no equitable jurisdiction except that plainly conferred by statute.**

   The equitable jurisdiction of the Superior Courts does not extend to the clerks of court unless expressly given by statute, and C. S., 4023 et seq. giving clerks of court a limited power to appoint trustees in certain instances will not be extended to give them jurisdiction of any proceeding unless clearly within the provisions of the statutes.

3. **Trusts F a—Where one of two trustees appointed by will fails to qualify the other appointed trustee should execute the trust.**

   Where only one of two trustees appointed by will has qualified and acts as such, courts of equity will not appoint another, the presumption being that the testator desires the trust to be administered by the trustee he appointed alone rather than have another appointed by the courts to act with him.

APPEAL by G. Francis Smith, petitioner, from *Sink, Special Judge,* at September Term, 1930, of GUILFORD.

This is a proceeding before the clerk of the Superior Court for the appointment of a trustee and for other relief.

Fannie A. Smith died in 1928, leaving the following will:

"First. I nominate and appoint my son-in-law, Leonard DeMerritt, of Norfolk, Virginia, and my son-in-law, Ernest A. Arend, of Red Bank, New Jersey, executors and trustees of this my last will and testament, to serve without compensation and without being required to give any bond for the faithful performance of their duties in North Carolina or elsewhere; and I give my said executors and trustees full power to sell any or all of my real estate and personal property, at such times and upon such terms as they shall deem advisable.

Second. I direct my said executors to erect a suitable monument at my grave and to expend the necessary sum for the perpetual care of my grave and my cemetery plot.

Third. I give and bequeath to my daughter, Eugenia Smith DeMerritt, now living in Norfolk, Virginia, all of my household goods, furniture, clothing and jewelry.

Fourth. If my son, G. Francis Smith, is living at the time of my decease, I direct that all of my estate, except as above provided, be held in trust by my executors and trustees above named, and I direct that from the annual income of my said estate, they expend such sums as in their discretion they deem advisable for the support and maintenance of my said son, G. Francis Smith, and that the balance of the said income be paid annually to my other children, Eugenia Smith DeMerritt, and Dr. Owen Smith, of High Point, North Carolina, or to the survivor of them.

Fifth. At the death of my said son, G. Francis Smith, or at my death, if my said son shall not survive me, I direct that my said estate shall go to my said children, Eugenia Smith DeMerritt and Dr. Owen Smith, or to the survivor of them."

In May, 1930, G. Francis Smith filed a petition before the clerk setting out the will, and alleging that Dr. Owen Smith had recently died, leaving the petitioner and Eugenia Smith DeMerritt as the sole beneficiaries; that the petitioner was entitled to more than his present allowance of $75 a month from the income of the estate; that Ernest A. Arend had not qualified as executor or trustee; that Leonard DeMerritt, who had qualified as executor and trustee, was abusing the discretion vested in him by the testatrix and wrongfully withholding from the petitioner a part of the income to which he was entitled. The relief sought was the appointment of a trustee in place of Arend, to serve jointly with DeMerritt, and an increased allowance. Notice was served on Leonard DeMerritt and he filed an answer to the petition. The clerk appointed the Greensboro Bank and Trust Company as cotrustee with DeMerritt, and upon appeal by DeMerritt Judge Sink reversed the judgment, holding that the clerk was without authority to render judgment, and that the Superior Court had no jurisdiction in the cause. Judgment was given for the respondent and the petitioner excepted and appealed.

*Herbert S. Falk for appellant.*
*H. L. Koontz and Edwin Martenet for respondent, appellee.*

Adams, J. In her will Mrs. Smith appointed Leonard DeMerritt and Ernest A. Arend, her sons-in-law, executors and trustees of her estate, and charged them with the execution of the trust created for the benefit of G. Francis Smith, the petitioner. DeMerritt qualified and is acting in both capacities; Arend has neither qualified as executor nor accepted the trust. The petitioner, claiming that the amount allowed him by DeMerritt is insufficient for his maintenance, instituted an *ex parte* proceeding before the clerk for an increased allowance and for the appointment of a cotrustee.

The jurisdiction of equity to grant relief originates in the occasional inadequacy of the remedy at law; and among cases of inadequacy are those in which the courts of ordinary jurisdiction cannot enforce a right. The equities under this head include those for the performance of trusts. The creation of trusts and the rules by which the conduct of trustees is governed fall properly within the jurisdiction of courts of equity. "It is but reasonable that these courts, after having called the equitable title into existence, should continue to exercise over it a constant care and supervision. Equity affords this protection by appointing and removing trustees, by superintending their discharge of the duties of the trust, by regulating their liability, by filling a vacancy or vacancies in the office of trustee, and finally, by affording the trustees, upon a proper application and upon proper cause shown, the advice and assistance of the court." Bispham's Principles of Equity, sec. 135.

The Constitution of 1868 abolished the distinctions between actions at law and suits in equity and provided one form of action for the enforcement or protection of private rights or the redress of private wrongs. Art. IV, sec. 1. Actions at law and suits in equity pending when the Constitution went into effect were transferred to the courts having jurisdiction, without prejudice by reason of the change. Art. IV, sec. 20. Under this provision the Superior Courts became the successors of the Courts of Equity, having their jurisdiction and exercising their equitable powers unless restrained by statute. *McLarty v. Urquhart,* 153 N. C., 339; *Settle v. Settle,* 141 N. C., 553; *White v. Butcher,* 97 N. C., 7; *Moye v. Cogdell,* 66 N. C., 403; *Turner v. Lowe, ibid.,* 413.

The clerk of the Superior Court is not given the jurisdiction of a court of equity. He is not vested with power affirmatively to administer an equity except where it is specially conferred by statute. *Bank v. Leverette,* 187 N. C., 743; *McCauley v. McCauley,* 122 N. C., 289; *Vance v. Vance,* 118 N. C., 865; *Bragg v. Lyon,* 93 N. C., 151. He may accept the resignation of executors, administrators, guardians, and trustees, and may appoint their successors when a special proceeding is brought, a final accounting had, and the clerk's order is approved by the judge. C. S., 4023, *et seq.* When the sole or last surviving trustee named in a will or deed of trust dies, and in other specified instances, the clerk by proceedings in which all interested persons are parties may appoint a trustee to execute the trust. C. S., 2583. But these statutes are not applicable here. Neither of the appointees has resigned, and the estate is not without a trustee. If, regardless of any statutory provision, the clerk had inherent power in the exercise of equitable jurisdiction generally to appoint trustees when necessary or expedient, a very different question would be presented.

It may be suggested that the judge could have retained the cause and determined the controversy after the appeal had been perfected. C. S., 637, provides: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

Conceding that by virtue of this statute the Superior Court may retain a cause on appeal from the clerk, we are confronted with the question whether the record discloses facts which would warrant a decree in equity for the relief demanded in the petition.

If Arend had accepted the appointment and had qualified as the testatrix contemplated, he and DeMerritt would have held the estate as joint tenants; but, as he did not qualify, DeMerritt was clothed with authority to perform the trust. Where joint trustees are appointed any one of them may execute the trust in the event of the death of his cotrustee or cotrustees or of the refusal or inability of the cotrustee or cotrustees to act. It is so provided by C. S., 1736. The principle is this: When the testatrix appointed DeMerritt and Arend to manage her estate she indicated her choice of their joint services and most probably the services of the survivor in preference to those of some other person in whose selection she could have no part. 26 R. C. L., 1276; Annotation, 130 A. S. R., 508; *Cameron v. Hicks*, 141 N. C., 21; *Webb v. Borden*, 145 N. C., 188.

The result is that the appointment of a cotrustee with DeMerritt is not a condition necessarily precedent to a faithful execution of the trust created in behalf of the petitioner. For just cause a court of equity might remove DeMerritt; but the petitioner does not ask his removal. If just cause is shown a cotrustee may be appointed, as the petitioner prays; but the necessity or expediency of such appointment should be inquired into and determined by a suit in equity in which all persons having a beneficial interest are made parties and given an opportunity to be heard and in which the complaint or bill should fully set forth facts which, if established, would justify a decree for the relief sought by the petitioner. In both these respects the present proceeding is insufficient. Judgment

Affirmed.