In the Matter of the Petition of EDWARD T. WILLIAMS and Others, as Administrators with the Will Annexed, etc., of ARTHUR WILLIAMS, Deceased, for a Determination as to the Construction or Effect of Certain Provisions Contained in the Last Will and Testament of Said ARTHUR WILLIAMS, Deceased, Late of the Village of Roslyn Harbor, Town of North Hempstead, Nassau County, New York, Deceased. THEODORE D. WILLIAMS, Appellant; JOHN J. FLEMING, ARTHUR BAUER, and EDWARD T. WILLIAMS and Others, as Administrators c. t. a. of ARTHUR WILLIAMS, Deceased, Respondents.— Decree of the Surrogate's Court of Nassau county, construing "Article Twelve" of the deceased's will, unanimously affirmed, with costs, payable out of the estate, to 'appellant, Theodore D. Williams, and respondents Fleming and Bauer. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

MARTHA A. JAMISON and MARGARET A. JAMISON, Surviving Partners of the Copartnership Trading under the Name and Style of ARBUCKLE BROS., Respondents, v. ARTHUR H. LAMBORN, HENRY B. HUTCHINGS, Defendants, and CHARLES C. RIGGS, and Six Others, Surviving Partners of the Partnership Known and Designated as LAMBORN & COMPANY, Appellants.— Action to recover demurrage paid by plaintiffs which, it is alleged, should have been paid by appellants, and attorney's fees incurred in certain litigation in connection therewith. Judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

IDA KIRSNER, Respondent, v. LOUIS KIRSNER, BENJAMIN KIRSNER, SOL KIRSNER, RUBEN KIRSNER, CARRIE ABRAMOWITZ and JACOB RUBENSTEIN, Appellants.— Order appointing receiver *pendente lite* in an action by a wife to set aside a conveyance by her husband prior to his death, on the ground that it was made to defeat her property rights under section 18 of the Decedent Estate Law, reversed on the law, with ten dollars costs and disbursements, motion denied, without costs, and receivership vacated. There is no proof that the real property, which is the subject of the action, is in danger of being injured or destroyed. (*Mullin* v. *Mullin*, 201 App. Div. 863; *Rappaport* v. *Otten*, 135 id. 386; *Laber* v. *Laber*, 181 id. 733.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.