CLARENCE M. LIGHTNER ET AL. v. DANIEL F. BOONE, TRUSTEE.

(Filed 4 November, 1942.)

1. Trial § 4—

The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. A., Appendix 501, *et seq.,* is inapplicable where the rights of the litigant are not affected by reason of his military service.

**2. Same—**

In a suit by beneficiaries for the protection of, and accounting for, a
trust fund against a trustee who had been called into the armed forces of
the United States, where the court continued the cause to enable defendant
to prepare his defense and secure other counsel, and, upon the case coming
on for trial, the court ordered the trust funds impounded and found, from
defendant's response, that he was speculating with the trust which was in
a precarious condition, and that the answer admitted mismanagement
and that the trustee had no defense, the Soldiers' and Sailors' Civil Relief
Act of 1940, 50 U. S. C. A., Appendix 501, et seq., will not stay the pro-
ceedings.

**3. Same: Appearance § 2b—**

Counsel, whose appearance is general, cannot limit such appearance for
the sole purpose of moving for a continuance, the granting of such motion
being a matter of discretion.

**4. Trusts § 5—**

However large may be the powers of a trustee, they are to be exercised
only for effectuating the trust; and when such powers are perverted to
the detriment of the cestui que trust, the court will promptly interpose its
protective authority.

APPEAL by defendant from Sink, J., at May-June Term, 1942, of
HENDERSON.

Civil action for an accounting of trust funds.

By the will of Frances M. Lightner, late of Polk County, this State,
published and probated in 1938, a trust fund of $40,000.00 was set aside
for the proper college education of her grandchildren living at her death,
and her son-in-law, Daniel F. Boone, an attorney of Winston-Salem,
N. C., was named as trustee of this fund. An advisory committee was
also named in the will, and the trustee was enjoined to consult this com-
mittee in the handling of the trust estate. The trust was to terminate
as to each grandchild upon reaching the age of 30 years. After-born
grandchildren were specifically excluded from the fund. The plaintiff,
Martha Penelope Boone, who was born 14 September, 1938, falls in this
excluded class.

In order to place the plaintiff, Martha Penelope Boone, on a parity
with the other grandchildren, her grandfather, Clarence A. Lightner,
assigned and transferred two of his life insurance policies, aggregating
$15,449.10, to her mother, Martha Lightner Boone, with the understand-
ing and agreement that the proceeds of such insurance, when collected,
should constitute a trust fund for the education of Martha Penelope
Boone, on the same terms and provisions as set forth in the will of
Frances M. Lightner for the management and control of the educational
trust fund provided therein for the other grandchildren. Clarence A.
Lightner died 8 December, 1938. His life insurance policies were duly

collected and the proceeds were turned over to the defendant as an educational trust fund for the benefit of Martha Penelope Boone. The other plaintiffs allege an interest in this fund in case the whole fund is not properly expended prior to her attaining the age of 30 years.

Due to disclosures made in other litigation, *Lightner v. Boone,* 221 N. C., 78, 19 S. E. (2d), 144, the plaintiffs became apprehensive of the safety of the trust fund here involved, and on 21 June, 1941, they instituted this action in Polk County and caused summons and complaint to be personally served on the defendant on 23 June, 1941, by the sheriff of Forsyth County. The defendant filed answer 5 August, 1941, asking that the action be dismissed for that "because of what took place in the Superior Court of Forsyth County" on 23 June, 1941, he had concluded "on that date" to terminate his previous North Carolina domicile and residence and change it to Washington, D. C., by reason of which the courts of this State are without any jurisdiction in the matter, and further alleging that by virtue of written instructions given by Clarence A. Lightner, prior to his death, the defendant was authorized to expend said funds, in his discretion, "for the general care and education of Martha Penelope Boone." The plaintiffs challenge the validity of these instructions on the ground of mental incapacity of the maker. The defendant admitted "that he is not managing said fund pursuant to any directions in the will of Frances M. Lightner." His answer was signed by Roy L. Deal, Winston-Salem, N. C., attorney for defendant, and Clifford M. Toohy, Detroit, Mich., of counsel for defendant.

It appears that the defendant took a number of depositions in Washington and New York during the latter half of 1941, preparatory to his defense herein.

When the case was called for trial at the January-February Term, 1942, Polk Superior Court, the defendant, through his counsel, made application for a stay of the proceeding under the provisions of an Act of Congress, known as the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. A., Appendix 501, *et seq.* (printed in full in 130 A. L. R., 794), it being alleged that the defendant was a Major in the United States Army and had been called into active service on 8 November, 1940, and assigned to duty in Washington, D. C.

It was further made to appear that defendant's Michigan counsel was busily engaged in the trial of causes in Detroit and his resident counsel, also a Major in the United States Army, was expecting to be called immediately into the military service, and that, therefore, it would be necessary for defendant to procure additional counsel.

The court transferred the case to Henderson Superior Court and ordered a continuance until the May-June Term, 1942, thereof, and set the case peremptorily for hearing on the first day of the term, counsel

for defendant requesting "that the case be continued until May 25, 1942, in order to give the defendant ample time to employ other counsel."

On account of the nature of the action, and the charges involved, the court ordered the defendant to turn over to the clerk of the Superior Court of Henderson County, on or before 25 May, 1942, all securities, evidences of indebtedness, and moneys belonging to the said educational trust. It was further provided that a copy of the order be certified to the Adjutant General of the United States for such information and grants of leave as he might deem appropriate. These precautions were taken "to avoid undue delay to anyone."

When the case was again called for trial on 25 May, 1942, Henderson Superior Court, the defendant appeared through his counsel, R. R. Williams, of the Asheville bar, "for the sole purpose of moving for a continuance." The motion was overruled; whereupon counsel for the defendant declined to appear further in the case.

The trial proceeded before the jury and resulted in a verdict and judgment for plaintiffs. Judgment was signed on Tuesday, 26 May. Two days later, on 28 May, Mr. Cocke, of the firm of Williams & Cocke, appeared before the court, moved to set the verdict aside, objected to the judgment and the signing thereof, and gave notice of appeal to the Supreme Court.

*J. E. Shipman and McCown & Arledge for plaintiffs, appellees.*
*R. R. Williams for defendant, appellant.*

STACY, C. J. When the trial court was last called upon to stay proceedings herein under the Soldiers' and Sailors' Civil Relief Act of 1940, he was faced with defendant's report, filed that day with the clerk of the Superior Court of Henderson County, showing the trust account to be in a precarious condition. Eight items therein, aggregating $1,042.73, represented payments made by the defendant in preparing his defense in this action. Moreover, the admission in defendant's answer that he was "not managing said fund pursuant to any directions in the will of Frances M. Lightner," and the allegation that he was proceeding under *ante mortem* instructions from Clarence A. Lightner, which the plaintiffs challenged because of alleged incapacity of the maker, were sufficient to put the court on notice and inquiry respecting the status of the fund in suit. The court observed: "From the depositions giving the records of his bank account and the ledger sheets showing his speculations with the trust funds, it appears that the defendant did not have a defense." It is the duty of a court of equity to care for trust funds, especially where the rights of minors are involved. *Carter v. Young,* 193 N. C., 678, 137 S. E., 875. As said by *Merrimon, J.,* in *Albright v. Albright,* 91 N. C.,

220, "However large may be the powers with which the trustee is invested, they are all to be exercised only for the purpose of effectuating the trust; and when it appears that such powers are perverted to the detriment of the *cestui que trust,* the court will promptly interpose its protective authority." See *Young v. Hood,* 209 N. C., 801, 184 S. E., 823; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356, and cases there cited.

The burden of the appeal is, that the defendant has been deprived of his right to a stay of the proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940. This act provides:

"Sec. 201. At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 U. S. C. A., Appendix 521.

"Sec. 200. In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant . . . no judgment shall be entered . . . if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest," etc. 50 U. S. C. A., Appendix 520.

It was the opinion of the trial court that the ability of the defendant to conduct his defense was not materially affected by reason of his military service. The judgment recites a factual finding "that the defendant has had ample time and opportunity properly to prepare his defense in this case and that his military service has not prevented him from doing this. . . . His failure properly to handle the trust fund or to account for the same has not been affected in any way by reason of his military service." Indeed, the trial court was strongly convinced of the necessity of prompt action on the part of the court of equity to protect the fund in suit. He permitted the defendant to use the Act of Congress as a shield, and declined to permit him to use it as a sword. In this, we think the trial court pursued the intent of the statute. *Pope v. U. S. Fidelity & Guaranty Co.,* 20 S. E. (2d) (Ga. App.), 618; *Jamaica Sav. Bank v. Bryan,* 175 Misc., 978, 25 N. Y. S. (2d), 17; Annotation, Soldiers' and Sailers' Civil Relief Acts, 130 A. L. R., 774.

Speaking to a similar situation in the *Pope case, supra,* Sutton, J., delivering the opinion of the Court, said: "So, it will be seen that a person in the military service is not entitled to a stay of a judgment against him as a matter of law under the provisions of the Act of Con-

gress just referred to, where in the opinion of the court passing on the matter the ability of such person to comply with the judgment is not materially affected by reason of his military service; nor is such person entitled to a stay of a proceeding against him, merely by virtue of said act, unless, in the opinion of the court passing on the question, his ability to conduct his defense is materially affected by reason of his military service."

To like effect is the declaration of the Circuit Court of Appeals, Sixth Circuit, in the case of *Royster v. Lederle,* 128 F. (2d), 197: "The object of the Act was to prevent injury to the civil rights of those in the armed services of the United States during that service in order that they would be free to devote all of their energies to the military needs of the Nation. Unless it is made to appear that the rights of the person in the service will be prejudiced by a proceeding against him, the Act is inapplicable." See, also, *Swiderski v. Moodenbaugh,* 45 F. Sup., 790.

Nor was it error for the court to proceed without appointing an attorney to represent the defendant. Such is the requirement only "if there shall be a default of any appearance by the defendant." Here, there was no default of any appearance by the defendant. He had duly filed answer. Depositions had been taken. His counsel appeared at the January-February Term, 1942, and moved for a continuance. This was granted, apparently upon satisfactory terms. The defendant again appeared through counsel at the May-June Term, 1942, and moved for a continuance. It is true, counsel then announced that he appeared "for the sole purpose of moving for a continuance." Nevertheless, the appearance was general, and the court was presented with a discretionary matter.

The exceptions entered to the trial are untenable. The defendant admitted in his answer that $15,449.10 had been turned over to him as a trust fund for the benefit of Martha Penelope Boone. It was clearly made to appear on the hearing that the defendant had undertaken to speculate with these funds by investing them in a marginal account in his own name with a brokerage firm in New York. Upon such showing, the court was justified in holding the defendant liable as for a breach of trust, Annotation 106 A. L. R., 271, and proceeding as in equity seemed just and right. *In re Estate of Smith,* 200 N. C., 272, 156 S. E., 494; 19 Am. Jur., 152; 10 R. C. L. (Equity), 349; 26 R. C. L. (Trusts), 1359. No valid reason appears for interfering with the results of the trial.

No error.