BLANEY WILLIAM BATTS, JR., BY HIS NEXT FRIEND, C. W. BATTS, SR.,
v. SGT. W. N. LITTLE.

W. D. EDENS v. SGT. W. N. LITTLE.

JACQUELINE BATTS, BY HER NEXT FRIEND, C. W. BATTS, SR., v.
SGT. W. N. LITTLE.

CHAUNCEY WINFORD BATTS, JR., BY HIS NEXT FRIEND, C. W. BATTS,
SR., v. SGT. W. N. LITTLE.

(Filed 2 December, 1942.)

Trial § 4—

> In an action against a soldier in active service, for personal injuries from negligence, upon motion by defendant that trial be stayed under U. S. Soldiers' and Sailors' Civil Relief Act of 1940, the court disallowed the motion, without finding the facts pertinent thereto. *Held:* Defendant's appeal is dismissed, but without prejudice to his right to renew his motion, have the facts found and his rights thereupon determined.

APPEAL by defendant from *Grady, Emergency Judge,* at September Term, 1942, of PENDER.

*Clifton L. Moore for plaintiffs, appellees.*
*Carr, James & Carr for defendant, appellant.*

12—222

SEAWELL, J.   The above four cases grow out of one transaction—the alleged negligence, recklessness and wantonness of the defendant in operating an automobile, resulting in a collision whereby the several plaintiffs were injured.   In their pleadings the plaintiffs asked for a judgment in compensation for their injuries and for an execution *in personam* if the judgments were not satisfied.   The defendant answered, denying the material allegations of the complaints.

At the time of the alleged injuries, the defendant was a Sergeant in Battery B, 96th Coast Artillery of the United States Army, and was then located at Camp Davis in Onslow County.

Subsequently thereto, the defendant, under military orders, was transferred from Camp Davis to some destination unknown to the court, in the regular service of the Army, whether in this country or abroad does not appear.

The cases came on for trial at the September Term, 1942, of Pender Superior Court and were consolidated for trial.   The defendant thereupon filed a motion, supported by affidavit, for relief under the Soldiers' and Sailors' Civil Relief Act of 1940, ch. 888, 54 Stat., 1178, 50 U. S. C. A., Appendix 521, setting up that his personal presence at the trial was necessary for his defense and for the conduct thereof; that his own testimony was necessary in the said defense; and that it was impossible for him to be present because of his service in the military forces of the United States and his necessary obedience to the orders of his superior officers, and prayed that the trial of the cause should be stayed as provided by the Act of Congress.

Thereupon, the trial court made the following order:

"The above entitled causes having come on for trial at this term, and the plaintiffs having insisted upon a trial, and it appearing to the Court that the defendant is a Sergeant in the United States Army, and that his present whereabouts is unknown, and it further appearing to the Court that his presence in Court at any time in the future is exceedingly questionable, and it also appearing to the Court that the defendant is represented in the above causes by Messrs. Carr, James & Carr, Attorneys of the City of Wilmington, and the Court finding as a fact that these causes ought to be tried, and that there is no valid reason why the same should not be tried:

"It is now, upon motion of the plaintiffs, ORDERED AND ADJUDGED that the said causes be consolidated for the purpose of trial, and that they be set for hearing on Monday, November 2, 1942, and any motion made by the defendant for a continuance is disallowed."

"It is suggested by the Court that the whereabouts of the defendant be ascertained from the Commanding Officer at Camp Davis, and that

his deposition be taken, if the defendant shall require or demand such deposition, and the plaintiffs, in open court, waive all formalities as to the taking of the said deposition.

"Let a copy of this judgment be mailed to Messrs. Carr, James & Carr, Wilmington, N. C., by the Clerk of the Court.

HENRY A. GRADY,<br>*Judge Presiding."*

From this order the defendant appealed.

The trial judge set the case for hearing 2 November, which had already passed when the appeal was heard in this Court. The defendant has sustained no injury to his right, unless it be that upon his motion the judge ought to have stayed further proceedings so that defendant might not be put to the necessity of renewing his motion from time to time when the case might be calendared for trial.

We are inclined to regard the Act of Congress as definitely requiring a more permanent action of the court when the conditions contemplated by the statute require it, rather than a mere postponement for the current term.

But in this case, the judge found no facts pertinent to the application of the cited Federal statute, and the assignments of error do not bring up for our review the failure to find these pertinent facts and base upon them an order staying the proceedings, as defendant contends is required by the Act.

The order apparently is simply based upon a finding that the defendant is represented by counsel, that his present whereabouts is unknown, and his presence in court at any future time is "exceedingly questionable"; that the cases ought to be tried, and there is no valid reason to the contrary.

Defendant's appeal is, therefore, dismissed, but without prejudice to his right to renew the motion and have his rights thereupon determined.

Appeal dismissed.