BRIDGET WALDRON, Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Queens County, February 4, 1944.

*Hein & Brady* for plaintiff.

*Thomas A. Duffy* for John M. Keough and another, defendants.

*Vincent T. McCarthy* for Madeline M. Keough, defendant.

*Ignatius M. Wilkinson, Corporation Counsel,* for City of New York.

*Nathaniel L. Goldstein, Attorney-General (Timothy F. Cohan* of counsel), for State of New York.

FROESSEL, J. In an action brought to foreclose a tax lien, plaintiff moves for an order of reference to compute. A cross motion is made by the attorney appointed by this court, pursuant to subdivision (3) of section 200 of the Soldiers' and Sailors' Civil Relief Act, as amended [U. S. Code, tit. 50, Appendix, § 520, subd. (3)], to protect the rights of two defendants in the military service, for an order staying the proceedings under the provisions of said Act. Since the submission of the foregoing motions, plaintiff has made a further motion for the appointment of a receiver pursuant to section 974 of the Civil Practice Act.

The record before me shows that the two defendants in the military service own a two-fifths interest in the premises consisting of a frame building, used as a bar and grill and a summer resort hotel, which premises are presently unoccupied. Their mother and two sisters own the remaining three-fifths interest. Taxes have not been paid for about twenty years. The tax lien under foreclosure thus accruing was sold by the City of New York on February 4, 1943, for the nonpayment of taxes from 1923 to and including the first half of 1941–1942, and was acquired from the City in August of 1943; the aggregate amount thereof is the sum of $18,159.28 plus interest. Subsequent taxes, interest and penalties in a substantial sum also remain unpaid. None of the defendants has answered the complaint and all are in default.

Under all the circumstances I do not think a case for a stay is made out here. Subdivision (1) of section 500 of the Soldiers' and Sailors' Civil Relief Act, as amended [U. S. Code, tit. 50, Appendix, § 560, subd. (1)], applies when taxes fall due in respect of '' real property owned *and* occupied for dwelling, professional, business, or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees * * *.'' (Italics supplied.) Upon the record now before me the premises are vacant and have heretofore been leased to strangers; they have not been and are not

occupied by the defendants in the military service or their dependents, for the enumerated purposes or otherwise. Though the premises have apparently been rented, taxes running back for a period of twenty years remain unpaid. The total assessed valuation is $20,000. Aside from a first mortgage of $11,000, the tax lien under foreclosure plus subsequent arrears alone exceeds the assessed valuation of the property. The mother and sisters of the two defendants in the military service, who own the larger interest in the said property, have defaulted in this action. It is well settled that the mere fact that a defendant is in the military service does not entitle him to a stay nor is it a defense to the action. (*Jamaica Savings Bank* v. *Bryan,* 175 Misc. 978.)

It follows that the plaintiff's motion for an order of reference must be granted and the motion for a stay must be denied. It is also clear that this is a proper case for the appointment of a receiver and said motion is likewise granted. Settle order on notice.