## Feick et al. v. Allison et al.

*Thomas E. Waters,* for plaintiff.

*Leonard F. Markel,* of *Fox & McTighe,* for defendants.

CORSON, J., August 22, 1945.—Petitioners in the present case seek to obtain the permission of the court to proceed as assignees of a certain lease to recover possession of the leased premises as provided under the provisions of the lease from defendants. Such permission is sought under the provisions of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, because of the fact that one of the defendants is a naval officer on active service in the Philadelphia district.

Plaintiffs purchased the property in question from the original lessors and have taken an assignment of defendants' lease. Proceedings have been had before the Office of Price Administration at Philadelphia and such office on April 24, 1945, issued its certificate authorizing plaintiffs to evict defendants at any time after July 24, 1945. The defense is that defendant

Roswell T. Allison being in the naval service is not in a position to present the defense that he would be able to present if he were not in such office. However, at the hearing it did not appear that defendant had any defense which he desired to interpose in any ejectment proceedings except that he was in the naval service.

It is doubtful whether or not this is a sufficient defense standing alone: Waldron v. The People et al., 181 Misc. 443, 46 N. Y. S. (2d) 587 (1944).

Under section 200 of the Soldiers' and Sailors' Civil Relief Act of 1940 it would appear that a person in military service must be "prejudiced by reason of his military service in making his defense thereto . . . provided it is made to appear that the defendant has a meritorious or legal defense to the action . . ." Section 201 of the same act, concerned with the staying of proceedings, provides that such stay may be granted "unless, in the opinion of the court, the ability of . . . the defendant to conduct his defense is not materially affected by reason of his military service". See also section 200, as amended, of the same act.

In the present case it would appear that not only is there no legal defense but further that defendants are in no way prejudiced as to their ability to present a defense if such they have. The officer defendant is represented by counsel; he was able to appear at the hearing, and so far as it would appear he would be able to take part in any future legal proceedings concerning the present attempted eviction.

Under the equities of the case admittedly defendant intends to sever his connection with the service in the near future and to send his family to California. At the time of the hearing the entire question seemed to boil down to the fact that defendant wife wished to remain with her husband until he should be again sent on sea duty. Since the hearing Japan has shown her intention to surrender and since the defendant is a reserve officer he will no doubt be returned to an inac-

tive status. Even if the war had continued defendant expected to finish all his duties in the Philadelphia naval district before October 1, 1945.

On the other side of the ledger we have plaintiff who has purchased the property in question apparently in good faith because of the fact that he is expecting an increase in his family by October 1st, and conditions in his present third-floor apartment are difficult for his pregnant wife. Plaintiff stated in open court that he was willing to turn his apartment over to defendants but defendants refuse to accept this offer upon the theory that they need three bedrooms instead of the two provided in plaintiffs' apartment. Defendants admittedly could get along with two bedrooms if defendant husband slept with his son and defendant wife slept with her daughter. Certainly this would be not too great a hardship to place upon defendants considering plaintiffs' situation.

The permission of this court for plaintiffs to proceed does not affect any rights which defendants may have to present any legal defense in the proceedings but certainly we should authorize no stay where no legal defense is brought out at the hearing: Modern Industrial Bank v. Grossman et al., 180 Misc. 415, 40 N. Y. S (2d) 628 (1943).

Any rights which defendant may have are in no way prejudiced by the present proceedings and under such conditions a stay cannot be granted: Lightner et al. v. Boone, 222 N. C. 205, 22 S. E. (2d) 426 (1942); affirmed 319 U. S. 561 (1943).

And now, August 22, 1945, the prayer of petitioners is granted and petitioners are authorized to proceed under the provisions of the lease and to exercise any powers accruing to them under the terms of such lease, without prejudice to the right of defendants to exercise similarly any rights which they may have under the facts and the provisions of such lease. It is further

provided that if judgment is entered in ejectment in favor of plaintiff petitioners and against defendants no writ of habere facias possessionem shall issue until five days after the date of the entry of such judgment.