P. H. BELL v. VICTOR H. NIVEN, VANDER E. NIVEN, BEATRICE M. WHITLEY, BERTHA E. NIVEN, WALTER B. NIVEN, THOMAS J. NIVEN AND BLANCHE NIVEN ENNIX.

(Filed 19 September, 1945.)

**1. Trial § 50—**

Under the Soldiers' and Sailors' Civil Relief Act (U. S. C. A., sec. 520 [4]), in order to entitle defendant to set aside a judgment already rendered and to reopen the case, it must appear that he was prejudiced by reason of his military service in making defense to the action.

**2. Same—**

In an action by plaintiff to recover for professional services as an attorney at law rendered the defendants, where the trial court found that defendants were brothers and sisters, who had employed plaintiff about a matter in which all were equally interested and all of whom had fully empowered one of their number, T. J. N., to act for them as he might deem best, including W. B. N., one of the brothers in the U. S. Armed Forces, who had authorized T. J. N. to waive on his behalf the provisions of the Soldiers' and Sailors' Civil Relief Act, which was done, the court ordering the trial to proceed and finding that the interests of W. B. N. were fully protected, and thereupon plaintiff recovered and defendant W. B. N. moved to set aside the judgment, without contradicting or excepting to the findings of the trial court or the evidence, which motion was denied by the judge hearing same, after finding the facts as they had been found by the trial court, to which no exception was taken, on appeal the judg-. ment below should be affirmed.

APPEAL by defendant Walter B. Niven from *Burney, J.,* at July Term, 1945, of WASHINGTON. Affirmed.

*Carl L. Bailey and W. L. Whitley for plaintiff, appellee.*

*E. D. Flowers for defendant, appellant.*

DEVIN, J. The defendant Walter B. Niven appealed from the denial of his motion to set aside the judgment heretofore rendered in the cause, in so far as it affects him, on the ground that at the time the judgment was entered he was serving in the armed forces of the United States and

was unable to attend the trial, and that no attorney was appointed to represent him.

The action was originally instituted by the plaintiff to recover for professional services as an attorney at law rendered to the defendants, including this defendant Walter B. Niven, in certain litigation wherein final recovery was had of real property of the value of eight or ten thousand dollars, together with a thousand dollars rent. Plaintiff conducted the litigation through the lower courts and in the Supreme Court of North Carolina wherein he obtained reversal of an adverse judgment below. *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311.

The defendants are brothers and sisters and equally interested. Plaintiff sued for $1,500 as the value of his services. All the defendants were duly served with process and filed joint answer admitting the employment of the plaintiff and that the services were rendered by him substantially as alleged, but resisted payment of any amount in excess of $500. Upon the hearing jury trial was waived. The presiding judge, Judge Carr, heard all the evidence and arguments for both sides, and rendered judgment that plaintiff was entitled to recover $800.00 for his services. On appeal the judgment of Judge Carr was affirmed. *Bell v. Niven, ante,* 35.

Judge Carr took note of the fact that the defendant Walter B. Niven, then in the armed forces of the United States, was not present, and, before entering on the trial, made careful inquiry to see that this defendant's interests were not thereby prejudiced. In his judgment are incorporated extended findings of fact on this point. Summarizing these findings, it appears that the court found that the interests of each of the defendants as tenants in common were alike, and their defense a common one; that Thos. J. Niven, a brother, had been designated by all the others to represent each and all of them in this cause and at the trial as fully as if they had been personally present, with full power and authority to take such action in their behalf as might be deemed proper, and that he acted under this authority. This finding was based on statements to the court by Thos. J. Niven and Victor H. Niven. It was specifically found that Thos. J. Niven represented Walter B. Niven with full power as aforesaid, and that he had authority to and did waive the provisions of the Soldiers' and Sailors' Civil Relief Act as to this cause and the matter involved therein, "it being the desire of the said Walter B. Niven that the trial proceed in all respects as if he were not in the military service. The court found that the trial as to said defendant should proceed, his interest being adequately protected."

The other defendants also filed a written statement with the court to the effect that Thos. J. Niven had been asked by his co-defendants in this action to represent them at the trial.

In the motion now made to set aside the judgment, the appellant Walter B. Niven does not contradict the statements, written or oral, which were made to the trial judge by his co-defendants, nor does he deny that he authorized and empowered his brother and co-defendant, Thos. J. Niven, to represent him at the trial and to make the waivers as found by the court.

In denying defendant's motion Judge Burney found the facts in all respects as they had been found by Judge Carr, and made these a part of his order. From this order we quote: "The court further finds that all of the rights of the defendant Walter B. Niven have been preserved and protected by the court in all proceedings herein and including the judgment entered as aforesaid, and that none of said defendant's rights have been prejudiced by his military services. The court further finds from an examination of all the record and exhibits offered that the defendant Walter B. Niven does not have a good and meritorious defense." It may be noted that in his motion defendant admits plaintiff was entitled to $500 for his services. The judgment allowed $800. At most the appellant would be interested only to the extent of one-seventh of the difference.

Under the Soldiers' and Sailors' Civil Relief Act (50 U. S. C. A., sec. 520 [4]), in order to entitle the defendant Walter B. Niven to set aside a judgment already rendered and to reopen the case, it must appear that he was prejudiced by reason of his military service in making defense to the action. The findings of the trial judge and those of the judge hearing the motion negative the suggestion that his interests suffered injury in any respect by his absence from the trial. He makes no exception to any of these findings. No other or additional facts are offered or called to our attention.

We think the judgment below denying defendant's motion to set aside the judgment should be affirmed. See *Lightner v. Boone,* 222 N. C., 205, 22 S. E. (2d), 426; *Boone v. Lightner,* 319 U. S., 561, 87 L. Ed., 1587; *Batts v. Little,* 222 N. C., 353, 23 S. E. (2d), 41. Compare *Davis v. Wyche,* 224 N. C., 746.

Judgment affirmed.