JAMESTEAD REALTY CORP., Plaintiff, *v.* LILLIAN COHEN et al., Defendants.

Supreme Court, Special Term, Queens County, March 2, 1948.

*Samuel Polinsky* for plaintiff.

*Harry Sand* for Lillian Cohen, defendant appearing specially.

FROESSEL, J. The plaintiff, in an action to foreclose a transfer of tax lien, moves for an order appointing a temporary receiver of the rents, issues and profits of the premises covered thereby.

The defendant, Lillian Cohen, *appearing specially herein* by her attorney, opposes the application on the merits, upon various grounds. Of course, it is well settled that a party who intends

558

to appear specially must rely solely on the jurisdictional question (*Dreskin* v. *Dreskin,* 73 N. Y. S. 2d 764). He may not in one breath say that the court has no jurisdiction of his person and then in the next defend on the merits. Such positions are inconsistent, and when both are adopted at the same time, the jurisdictional objection is deemed waived (*Braman* v. *Braman,* 236 App. Div. 164; *Montgomery* v. *East Ridgelawn Cemetery,* 182 Misc. 562, affd. 268 App. Div. 857). The fact that the appearance was designated as special does not permit a party so appearing to participate in the proceeding; if he does, he is deemed to have appeared generally, notwithstanding the labeling of his appearance as a " special appearance " (*Citizens Trust Company of Utica* v. *Prescott & Son, Inc.,* 221 App. Div. 426).

This court is not without power to appoint a receiver in this type of case under section 974 of the Civil Practice Act, if it is demonstrated that the security interests of the plaintiff are in danger of being materially injured or destroyed, unless the rents are impounded (*Waldron* v. *People,* 181 Misc. 443; *Matter of New York Lien Corp.* v. *Jung,* N. Y. L. J., Feb. 26, 1943, p. 778, col. 1). However, no such danger has been demonstrated here. The plaintiff claims it is the owner of a tax lien which was listed at a tax sale in 1946 at the upset price of $3,700. Plaintiff does not disclose what it paid for it, but claims that the amount of said lien, with interest to March 31st last is $11,621.61, and that subsequent tax arrears amount to $2,800. The assessed valuation for the current year is $13,500. While plaintiff's appraiser claims that the property is worth no more than $10,000, defendant's expert claims it is worth $27,000. Because of the harshness of the remedy, receiverships are granted only upon clear and convincing proof of the danger set forth in the statute (*Laber* v. *Laber,* 181 App. Div. 733; *Mullin* v. *Mullin,* 201 App. Div. 863; *Moses* v. *New York Investors, Inc.,* 228 App. Div. 836; *Kirsner* v. *Kirsner,* 257 App. Div. 840). The burden of proving the necessity that a receivership is necessary is upon the applicant. (*Rappaport* v. *Otten,* 135 App. Div. 386.) That burden has not, in my opinion, been met here.

Under the circumstances, the motion is denied.