IN THE MATTER OF: VIRGINIA YANCEY MICHAL, INCOMPETENT.

(Filed 17 April 1968.)

1. **Banks and Banking § 3—**
   Where funds are deposited in a bank, a contractual relation between the depositor and the bank is created whereby the bank becomes the debtor of the depositor.

2. **Insane Persons § 4;   Clerks of Court § 6—**
   The clerk of the Superior Court has no jurisdiction to determine the right of a surviving trustee for an incompetent person to draw a check upon an account in the name of the cotrustees, since any right of the surviving trustee is governed by the contractual relationship between the bank and the trustees, and the clerk's refusal to order the bank to honor the signature of the surviving trustee is not error.

3. **Insane Persons § 2;   Courts § 6—**
   The clerk of the Superior Court has the jurisdiction to appoint and remove the guardian of an incompetent person or a trustee appointed in lieu of a guardian, G.S. 33-1, G.S. 33-9, the jurisdiction of the judge of the Superior Court over such matters being limited to the correction of errors of law upon appeal from the clerk, and therefore an order of a Superior Court judge directing the clerk to appoint a cotrustee for an incompetent person is in excess of the court's authority and will be vacated on appeal.

APPEAL by petitioner from *Bryson, J.,* at the September 1967 Session of McDOWELL.

On 15 August 1967, James Weston Michal, hereinafter called the petitioner, filed in this special proceeding his petition before the clerk. Therein, he prayed for the issuance of an order directing the First Union National Bank of Marion, N. C., hereinafter called the bank, "and all other persons and corporations dealing with him as Trustee for Virginia Yancey Michal, Incompetent, to honor his signature, acts and deeds as sole surviving Trustee of said Estate."

As grounds for the issuance of such order, the petitioner alleged: (1) He and William D. Lonon were duly appointed cotrustees for Virginia Yancey Michal, an incompetent, having been so appointed in this special proceeding; (2) William D. Lonon died; (3) the petitioner, as sole surviving trustee, has the complete authority and duty to perform the trust, including payment of current debts of the ward; (4) the cotrustees had a checking account at the bank, the signatures of both of them being on the bank's signature card, and the bank now refuses to honor checks drawn upon the account bearing the petitioner's sole signature; and (5) other persons with whom the petitioner "may need to do business for the said Estate might question his complete authority as sole surviving Trustee."

The petitioner tendered to the clerk an order directing that the

bank "and all other persons and corporations dealing with the Estate of Virginia Yancey Michal, Incompetent, or the Trustee for same, give full honor and credit to the signature, acts and deeds of James Weston Michal as the sole appointed, qualified and acting Trustee for Virginia Yancey Michal, Incompetent."

The clerk refused to sign the order so tendered by the petitioner, entering instead an order on the same day that the petition was filed, 15 August 1967, which order recites the clerk's finding of the following facts:

"(1)   That for sometime [sic] prior to July 24, 1967, James Weston Michal and William D. Lonon were the duly appointed, qualified and acting co-Trustees for Virginia Yancey Michal, Incompetent, appointed by this Court.

"(2)   That on July 24, 1967, the said William D. Lonon died.

"(3)   That for some time prior to July 24, 1967, said co-Trustees had a checking account at First Union National Bank, Marion, N. C., with both their signatures on the 'Signature Card,' and said Bank now refuses to honor the sole signature of James Weston Michal, sole surviving Trustee of Virginia Yancey Michal, Incompetent; and others with whom said Trustee does business, may do likewise."

The order of the clerk recited that "upon the foregoing facts the undersigned Clerk of the Court wishes the advice of the Judge of the Superior Court before making any decision, and therefore refuses to sign the attached Order tendered by Petitioner."

To this refusal the petitioner excepted and gave notice of appeal from the order of the clerk to the judge of the superior court.

On 28 August 1967, the clerk entered an order that the bank be made a party to the proceeding. Thereupon, this order, the petition, the former order of the clerk, and the order tendered by the petitioner and refused by the clerk were served upon the bank.

On 12 September 1967, Bryson, J., entered an order reading in its entirety as follows:

"THIS CAUSE coming on to be heard before the undersigned Judge Presiding over the September 1967 Term of the Superior Court of McDowell County, upon Petition of James Weston Michal and Order of the Clerk of Superior Court, said order being dated and signed August 15, 1967, by said Clerk; and

"IT IS ORDERED that the aforesaid Order of the Clerk of Superior Court be, and the same is hereby, in all respects, con-

firmed and the Clerk of Superior Court of McDowell County is respectfully directed and ordered to appoint some suitable discreet person and/or banking corporation to act as co-trustee in the aforesaid matter."

To the entry of that order by Bryson, J., the petitioner excepted and therefrom he now appeals to the Supreme Court. The assignments of error are that the clerk refused to sign the order tendered to him by the petitioner, refused to make any judicial decision upon the facts found by the clerk, and that the superior court in its order ignored the questions of law presented by the petitioner to it and ordered the clerk to take action, which was not requested by anyone and which would not solve the controversy between the petitioner and the bank.

*M. John DuBose for appellant.*
*W. R. Chambers and E. P. Dameron for appellee.*

LAKE, J. When the trustees opened an account in the bank and deposited funds of the trust estate therein, a contractual relation between them and the bank was created, whereby the bank became the debtor of the trustees. *Nationwide Homes v. Trust Co.*, 267 N.C. 528, 148 S.E. 2d 693; *Bank v. Weaver*, 213 N.C. 767, 197 S.E. 551; *Woody v. Bank*, 194 N.C. 549, 140 S.E. 150, 58 A.L.R. 725. The right, if any, of the petitioner, as surviving trustee, to draw a check upon that account and to proceed against the drawee bank for its refusal to honor the check arises out of and is governed by that contract. The clerk of the superior court has no jurisdiction to determine that right or to issue any order directing the bank to honor such check upon a petition, or motion, by the surviving trustee in the special proceeding in which such trustee was appointed. There was, therefore, no error in the refusal of the clerk to sign the order tendered to him by the petitioner or in that portion of the judgment of the superior court confirming such refusal. Whatever right the petitioner may have against the drawee bank by virtue of the contract of deposit has not been adjudicated. It is not before us upon this appeal. It cannot be adjudicated in this proceeding.

The remaining question relates to the authority of the superior court judge, in this proceeding and upon this record, to direct the clerk to appoint some suitable person or banking corporation to act as cotrustee with the petitioner. In the silence of the record, we assume that no such appointment has been made as yet.

This is not a testamentary trust or a trust established by an

agreement on conveyance by a settlor. This trust is in the nature of a guardianship, the trustees having been appointed by the order of the clerk in a special proceeding which, in the silence of the record, we assume was duly instituted and conducted before the clerk pursuant to G.S. 35-2. The trustees so appointed thereby became representatives of the court. In that capacity, and in that capacity alone, they acquired whatever powers they had and incurred whatever obligations rested upon them. As such, they were and are subject to the direction of or removal by the court which appointed them, and to the power of the court to appoint such successor trustee or additional trustee as that court may, from time to time, in accordance with the appropriate procedures, find necessary and proper to protect the interests of the ward of the court.

G.S. 35-2 provides: "The trustee * * * shall be vested with all the powers of a guardian administering an estate for any person and shall be subject to all the laws governing the administration of estates of minors and incompetents." G.S. 33-1 provides: "The clerks of the superior court within their respective counties have full power, from time to time, to take cognizance of all matters concerning orphans and their estates and to appoint guardians in all cases of infants, idiots, lunatics, inebriates and inmates of the Caswell School: * * * Provided, further, where any adult person is * * * found to be incompetent from want of understanding to manage his affairs by reason of physical and mental weakness on account of old age, disease, or other like infirmities, the clerk may appoint a trustee in lieu of a guardian for said person. The trustee so appointed shall be subject to the laws now or which hereafter may be enacted for the control and handling of estates by guardians." G.S. 33-9 empowers clerks of the superior court to remove a guardian or trustee appointed under the provisions of Chapter 33 of the General Statutes and to appoint successors for such fiduciaries, and provides that it shall be the duty of the clerk to remove such fiduciary in certain specified instances. G.S. 36-9 confers upon the clerk of the superior court power and jurisdiction to accept the resignation of a guardian or trustee and to appoint a successor.

These statutes confer upon the clerk of the superior court the jurisdiction to appoint and to remove guardians and trustees appointed in lieu of guardians. The jurisdiction of the judge of the superior court over such matters is confined to the correction of errors of law upon appeal from the action of the clerk. *In Re Simmons*, 266 N.C. 702, 147 S.E. 2d 231. Consequently, the order of the judge in the present instance directing the clerk to appoint a cotrustee was in excess of the authority of the judge, that matter not having been

considered or passed upon by the clerk. The matter must, therefore, be, and is hereby, remanded to the superior court, with direction that the order of the judge from which this appeal is taken be corrected by deleting therefrom the provision directing and ordering the clerk to appoint a cotrustee. This is without prejudice to the authority of the clerk, if he finds it proper to do so, to appoint a cotrustee for the estate of Mrs. Michal.

*In Re Estate of Smith*, 200 N.C. 272, 156 S.E. 494, is distinguishable from the present case. There, the trust was a testamentary one and one of the two persons designated as trustee in the will failed to qualify. A beneficiary filed with the clerk a petition seeking the appointment of another to serve as cotrustee in lieu of the designee who had so failed to qualify. The clerk made such appointment. Upon appeal to the superior court, the judge vacated the appointment. This Court affirmed, saying:

"Where joint trustees are appointed any one of them may execute the trust in the event of the death of his cotrustee or cotrustees or of the refusal or inability of the cotrustee or cotrustees to act. It is so provided by C.S. 1736 [G.S. 41-3]. The principle is this: When the testatrix appointed DeMerritt and Arend to manage her estate she indicated her choice of their joint services and most probably the services of the survivor in preference to those of some other person in whose selection she could have no part. * * *

"The result is that the appointment of a cotrustee with DeMerritt is not a condition necessarily precedent to a faithful execution of the trust created in behalf of the petitioner. For just cause a court of equity might remove DeMerritt; but the petitioner does not ask his removal. If just cause is shown a cotrustee may be appointed, as the petitioner prays; but the necessity or expediency of such appointment should be inquired into and determined by a suit in equity in which all persons having a beneficial interest are made parties and given an opportunity to be heard and in which the complaint or bill should fully set forth facts which, if established, would justify a decree for the relief sought by the petitioner."

The present matter does not involve a testamentary trust. The determination of the number of trustees to serve and the selection of the original trustees were matters for the clerk, and he made those determinations. Whether a successor should be appointed for one of those originally named by him, who has since died, is a matter which

rests in the sound discretion of the clerk. This discretion he may exercise upon his own motion or upon the motion of any interested person.

Error and remanded.