IN THE MATTER OF: MARGUERITE B. BIDSTRUP

No. 8130SC342

(Filed 5 January 1982)

1. **Insane Persons § 2.2— no trial de novo on issue of appointment of guardian**
    The right of a trial de novo on appeal from the orders of the clerk relates only to the adjudication of incompetency and not to the appointment of a guardian for an incompetent's estate. G.S. 35-1.6 *et seq.*

**2. Insane Persons § 2.2— no abuse of discretion in appointment of guardian**

　　Respondent failed to show (1) that the appointment of an individual as guardian by the clerk was "manifestly unsupported by reason" or (2) that the clerk abused her discretion in appointing the individual as the evidence only revealed another person may have also been a suitable candidate for guardian.

　　APPEAL by respondent from *Lewis, Judge.* Judgment entered 7 November 1980 in Superior Court, CHEROKEE County. Heard in the Court of Appeals on 12 November 1981.

　　This is an appeal from an order appointing W. Arthur Hays, Jr., guardian of the estate of Marguerite B. Bidstrup. On 12 September 1980, J. Edward Davis, who had been acting as attorney in fact for the respondent, Marguerite Bidstrup, filed a petition for adjudication of incompetency and for appointment of a guardian for the respondent. The clerk of superior court conducted a hearing on 24 September 1980 and issued orders adjudicating respondent an incompetent adult and appointing Blanche Smith as guardian for the person of respondent and W. Arthur Hays, Jr., as guardian of the estate of the respondent. From the order appointing Hays guardian of the estate, L. L. Mason, Jr., attorney for the incompetent, gave notice of appeal "for trial de novo before a Superior Court Judge." The superior court judge "ruled that the matter would not be heard de novo, but that his consideration of the case would be limited to whether the clerk of Superior Court had abused her discretion" in appointing Hays to be guardian of the estate. After a hearing, the judge found that the clerk of court had not abused her discretion and entered an order affirming her appointment of Hays as guardian of the estate. L. L. Mason, Jr., attorney for the incompetent, gave notice of appeal to the Court of Appeals.

　　*McKeever, Edwards, Davis & Hays, by George P. Davis, Jr., for guardian appellee.*

　　*Jones, Key, Melvin & Patton, by R. S. Jones, Jr. and Joseph D. Johnson, for respondent appellant.*

　　HEDRICK, Judge.

[1] Respondent first argues the judge of the superior court erred in not affording him a trial de novo on the issue of who would be appointed the guardian of the incompetent's estate. He argues that the enactment of G.S. § 35-1.6, *et seq.*, providing for

"Guardianship of Incompetent Adults" abrogated the well-settled principle that the appointment of guardians is within the sound discretion and exclusive original jurisdiction of the clerk of the superior court. We disagree. While G.S. § 35-1.20 does provide that appeals to the superior court from orders of the clerk shall be de novo and thence to the Court of Appeals, this statute must be read in *pari materia* with the remaining sections of the article and when so read, we hold that the right of a trial de novo on appeal from the orders of the clerk relates only to the adjudication of incompetency. G.S. §§ 35-1.28, -.29, which provide qualification guidelines for the appointment of guardians, essentially require only that the guardian be a resident of North Carolina and be, in the following order of priority, either an individual, a corporation, or a disinterested public agent. The clerk's appointment of a guardian for an incompetent's estate therefore involves a determination too routine to justify saddling a superior court judge with a review any more extensive than a review of the record. This assignment has no merit. *See* 39 Am. Jur. 2d Guardian and Ward § 27 (1968); 5 Am. Jur. 2d Appeal and Error § 772 (1962); *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967); *Beck v. Beck*, 36 N.C. App. 774, 245 S.E. 2d 199 (1978); *In re Simmons*, 266 N.C. 702, 147 S.E. 2d 231 (1966); *In re Michal*, 273 N.C. 504, 160 S.E. 2d 495 (1968). *See also Battle v. Vick*, 15 N.C. 294 (1833) and *Long v. Rhymes*, 6 N.C. 122 (1812).

[2] Respondent next assigns as error the superior "court's refusal to find that the Clerk of Superior Court had abused her discretion in appointing W. Arthur Hays as Guardian of the Estate of Respondent."

For a litigant to succeed in having a judgment reversed on the grounds that the issuance of such judgment constituted an abuse of discretion, the litigant must show that the challenged action is "manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980). In the present case, the evidence presented by respondent before the superior court judge tends to show only how Blanche Smith might have been a suitable candidate for guardian of respondent's estate; nowhere in the record, however, is there evidence tending to show that the clerk's appointment of W. Arthur Hays, Jr., was "manifestly unsupported by reason" or in any other way tainted by an error of law. In fact, respondent states in her own brief that she "does not

argue that W. Arthur Hays, Jr., is unfit or otherwise disqualified to serve as guardian. . . ." Respondent having failed to show an abuse of discretion or any error of law in the clerk's appointment, this assignment of error has no merit.

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.